PEOPLE v WOLFE

Docket No. 234940. Submitted December 5, 2001, at Grand Rapids. Decided May 10, 2002, at 9:00 A.M.

Joseph M. Wolfe was charged in the Kent Circuit Court with the felony of impaired driving while having a passenger less than sixteen years of age and within seven years of a prior conviction for drunk driving. The defendant moved for dismissal, arguing that the Texas statute under which he sustained a conviction for driving while impaired does not substantially correspond to the Michigan statute prohibiting impaired driving and operating a motor vehicle while under the influence of liquor and that the Texas conviction therefore is not a prior drunk driving conviction that can serve to enhance to a felony what otherwise would be a misdemeanor charge of impaired driving. The court, Dennis C. Kolenda, J., granted the motion and remanded the matter to the district court for trial on a misdemeanor charge of impaired driving. The prosecution appealed by leave granted.

The Court of Appeals *held*:

The term " prior conviction," as used in MCL 257.625(7), under which the defendant was charged, is defined in MCL 257.625(23) to mean a conviction of impaired driving or operating a motor vehicle while under the influence of liquor or a controlled substance, whether under a law of this state, a local ordinance substantially corresponding to a law of this state, or a law of another state substantially corresponding to a law of this state. The Texas statute under which the defendant was convicted previously, Tex Rev Civ Stat Ann, art 67011-1, substantially corresponds to the Michigan statute under which the defendant was charged. While the Michigan and Texas statutes employ different words, it is clear that each uses similar subjective criteria to prohibit drunk driving. The statutes set forth identical blood alcohol thresholds as an objective method of proving a violation. The trial court thus erred in granting the defendant's motion to dismiss.

Reversed and remanded for further proceedings.

CRIMINAL LAW — IMPAIRED DRIVING — OPERATING A MOTOR VEHICLE WHILE
UNDER THE INFLUENCE OF INTOXICATING LIQUOR.

The Texas drunk driving statute substantially corresponds with the
Michigan statute that prohibits impaired driving and operating a
motor vehicle while under the influence of intoxicating liquor such
that a prior conviction under the Texas statute within seven years
of a charge in Michigan of impaired driving while having a passen-
ger less than sixteen years of age or of operating a motor vehicle
while under the influence of intoxicating liquor and having a pas-
senger younger than sixteen may serve as the basis for enhancing
from a misdemeanor to a felony the Michigan offense charged
(MCL 257.625[7], 257.625[23]; Tex Rev Civ Stat Ann, art 6701l-1).

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *William A. Forsyth*, Pros-
ecuting Attorney, *Timothy K. McMorrow*, Chief
Appellate Attorney, and *Gary A. Moore*, Assistant
Prosecuting Attorney, for the people.

*Richard E. Zambon*, for the defendant.

Before: WILDER, P.J., and GRIFFIN and SMOLENSKI, JJ.

WILDER, P.J. The prosecutor appeals by leave
granted the trial court's order dismissing felony child
endangerment charges, MCL 257.625(7)(a)(ii), and
remanding to the district court. We reverse and
remand.

I. FACTS AND PROCEDURAL HISTORY

Defendant was bound over to the circuit court for
trial on the charge of operating a motor vehicle while
impaired (OWI), second offense, MCL 257.625(3), while
a person under the age of sixteen was occupying the
vehicle (child endangerment). In the information, the
prosecution noted its reliance on defendant's March
24, 1991, conviction for driving while intoxicated
(DWI) in the state of Texas, Tex Rev Civ Stat Ann, art

6701l-1, in seeking enhancement of the DWI charge to a felony charge under MCL 257.625(7)(a)(ii).

Before trial, defendant moved for dismissal of the felony charge, arguing that the offense of DWI under the Texas statute did not "substantially correspond" to either of Michigan's primary drunk driving offenses (OUIL or OWI), as required by MCL 257.625(23), and that therefore his DWI conviction in Texas did not constitute a prior conviction within the meaning of MCL 257.625(7)(a)(ii), the result being that a felony charge could not be sustained. The trial court agreed, granted the motion to dismiss, and remanded to the district court for trial on the charge of OWI, first offense.

The trial court first found that because the Michigan statute requires an impairment from alcohol consumption to affect the driver's "ability to operate a vehicle," in contrast to the Texas statute, which "requires merely that the driver be affected by alcohol," on its face the Michigan statute imposed on the prosecutor a more demanding threshold of proofs. The trial court next concluded that because the Texas and Michigan statutes were facially dissimilar, and because the prosecutor presented no evidence that the Texas statute was applied in a substantially similar manner to the Michigan statute, *Oxendine v Secretary of State*, 237 Mich App 346, 352-353; 602 NW2d 847 (1999), defendant's contention that the two statutes did not substantially correspond to one another was correct.

This Court granted the prosecutor leave to appeal, *People v Wolfe*, unpublished order of the Court of Appeals, entered July 12, 2001 (Docket No. 234940), to consider whether the trial court correctly deter-

mined that the Texas and Michigan drunk driving statutes were not substantially similar.

## II. STANDARD OF REVIEW

The issue before us is one of statutory construction, a question of law that we review de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998); *Oxendine, supra* at 349. As the Supreme Court observed in *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001):

> In considering a question of statutory construction, this Court begins by examining the language of the statute. We read the statutory language in context to determine whether ambiguity exists. If the language is unambiguous, judicial construction is precluded. We enforce an unambiguous statute as written. Where ambiguity exists, however, this Court seeks to effectuate the Legislature's intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished. [Citations omitted.]

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used, *Phillips v Jordan*, 241 Mich App 17, 22-23, n 1; 614 NW2d 183 (2000), citing *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997). Further, the language must be applied as written, *Camden v Kaufman*, 240 Mich App 389, 394; 613 NW2d 335 (2000); *Ahearn v Bloomfield Charter Twp*, 235 Mich App 486, 498; 597 NW2d 858 (1999), and nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself.

III. ANALYSIS

MCL 257.625(7)(a)(ii) provides in pertinent part:

(7) A person, whether licensed or not, is subject to the
following requirements:

(a) He or she shall not operate a vehicle in violation of
subsection (1), (3), (4), or (5) while another person who is
less than 16 years of age is occupying the vehicle. A person
who violates this subdivision is guilty of a crime punishable
as follows:

\*          \*          \*

(ii) If the violation occurs within 7 years of a prior con-
viction or within 10 years of 2 or more prior convictions, a
person who violates this subdivision is guilty of a felony
and shall be sentenced to pay a fine of not less than $500.00
or more than $5,000.00 and to either of the following:

(A) Imprisonment under the jurisdiction of the depart-
ment of corrections for not less than 1 year or more than 5
years.

(B) Probation with imprisonment in the county jail for
not less than 30 days or more than 1 year and community
service for not less than 60 days or more than 180 days. Not
less than 48 hours of this imprisonment shall be served con-
secutively. This term of imprisonment shall not be
suspended.[1]

The term "prior conviction," as used in subsection
625(7), is defined in subsection 625(23) to mean "a
conviction for [OWI or OUIL], whether under a law of
this state, a local ordinance substantially correspond-
ing to a law of this state, or a law of another state

---

[1] Without enhancement by either two prior convictions within ten
years or one prior conviction within seven years, the offense is classified
as a misdemeanor punishable by not more than one year's imprisonment,
MCL 257.625(7)(a)(i), and therefore, within the jurisdiction of the district
court. MCL 600.8311.

substantially corresponding to a law of this state." MCL 257.625(23). See also MCL 257.625(23)(a).[2]

MCL 257.625(1) and (3) provide:

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if either of the following applies:

(a) The person is under the influence of intoxicating liquor, a controlled substance or a combination of intoxicating liquor and a controlled substance.

(b) The person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

\* \* \*

(3) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state when, due to the consumption of intoxicating liquor, a controlled substance, or a combination of intoxication liquor and a controlled substance, the person's ability to operate the vehicle is visibly impaired . . . .

At the time of defendant's DWI conviction in Texas, Tex Rev Civ Stat Ann, art 6701l-1 provided in part:

(a) In this article:

(1) "Alcohol concentration" means: (A) the number of grams of alcohol per 100 milliliters of blood; (B) the number of grams of alcohol per 210 liters of breath; or (C) number of grams of alcohol per 67 milliliters of urine.

(2) "Intoxicated" means: (A) not having the normal use of mental faculties by reason of the introduction of alcohol, a

---

[2] While other convictions apply, they are not relevant to the facts before us in this case.

controlled substance, a drug, or a combination of two or more of those substances into the body; or (B) having an alcohol concentration of 0.10 or more.

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

The core issue in this case is whether MCL 257.625(1) and (3) and Tex Rev Civ Stat Ann, art 6701l-1 are substantially corresponding laws within the meaning of MCL 257.625(23).

Because the term "substantially corresponding" is not defined in MCL 257.625(23), we consult dictionary definitions for aid in construing this term in accordance with its ordinary and generally accepted meaning. *People v Lawrence*, 246 Mich App 260, 265; 632 NW2d 156 (2001), citing *People v Morley*, 461 Mich 325, 330; 603 NW2d 250 (1999). The word "substantial" is defined as "being such with respect to essentials: *two stories* in *substantial agreement;* pertaining to the substance, matter, or material of a thing; pertaining to the essence of a thing." *Random House Webster's College Dictionary* (1997), p 1285. The word "corresponding" is defined as "similar in position, form, etc: *corresponding officials in two states." Id.* at 297. In addition, *Merriam Webster's Collegiate Thesaurus* (2002) lists the words "like," "akin," "alike," analogous" and "comparable" as being synonymous to the word "corresponding."

We agree with the prosecutor and find that the plain language of MCL 257.625(1) and (3) and Tex Rev Civ Stat Ann, art 6701l-1 indicates that they are substantially corresponding statutes that require "no judicial gloss to show [their] similarity." While the Michigan and Texas laws employ different words, it is clear

that each of the statutes in question uses similar subjective criteria to prohibit similar conduct pertaining to the same essence, namely, drunk driving. In addition, both the Texas and Michigan laws set forth identical blood alcohol thresholds, measured in identical ways, as an objective method of proving a violation. MCL 257.625(23) requires that the law of the other state "substantially correspond" to a law of this state; it does not require an identical match.

Because the Michigan and Texas laws substantially correspond to one another when the term "substantially corresponding" is accorded its ordinary and generally accepted meaning, the trial court's reliance on *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975), and *Oxendine, supra* at 354, was misplaced.

IV. CONCLUSION

MCL 257.625(3) and Tex Rev Civ Stat Ann, art 6701l-1 are "substantially corresponding" laws, within the meaning of MCL 257.625(23). Accordingly, defendant's conviction under the Texas statute constitutes a prior conviction under MCL 257.625(7)(a)(ii), and defendant was appropriately bound over to the circuit court on the charge of OWI, second offense. Thus, the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.