*In re* HUTCHINSON

Docket No. 274286. Submitted February 6, 2008, at Detroit. Decided February 21, 2008, at 9:10 a.m.

Shawn Hutchinson, at age 17, offered in the Oakland Circuit Court, Family Division, a plea of admission regarding two juvenile offenses. The court entered a single order adjudicating Hutchinson responsible for the two offenses. Sixteen years later, Hutchinson filed an application in the court, seeking to set aside his adjudication pursuant to MCL 712A.18e. The court, Elizabeth M. Pezzetti, J., granted the application. The prosecution appealed, alleging that the statute provides that a person who has been adjudicated responsible for more than one offense is not eligible to have the adjudication set aside.

The Court of Appeals *held*:

Hutchinson was adjudicated responsible for violating two separate laws and thus was adjudicated responsible for two offenses. The statute plainly provides that an offender who was adjudicated responsible for more than one offense is not eligible to have the adjudication set aside.

Reversed.

INFANTS — JUVENILE LAW — JUVENILE OFFENSES — SETTING ASIDE ADJUDICATIONS.

A person who has been adjudicated responsible for not more than one juvenile offense and who has no felony convictions may apply for an order setting aside the adjudication; a person who in a single order has been adjudicated responsible for violating two separate laws has been adjudicated responsible for two offenses and is not eligible to have the adjudication set aside (MCL 712A.18e).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *H. Steven Langschwager*, Assistant Attorney General, for the people.

*Cox, Hodgman & Giarmarco, P.C.* (by *Bryan B. Bolling*), for the respondent.

Before: FITZGERALD, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM. This appeal arises from an order of the Oakland Circuit Court, Family Division, setting aside respondent's adjudication of responsibility for two juvenile offenses contained in a single order of adjudication entered in 1990. In setting aside the respondent's adjudications of responsibility, the trial court stated that "multiple counts in a juvenile petition, such as the case with Mr. Hutchinson, are considered one adjudication."[1] However, contrary to the ruling of the trial court, the plain language of MCL 712A.18e clearly provides that an individual who has been adjudicated responsible for more than one offense is not entitled to have the adjudication set aside. We therefore reverse the order of the trial court.

In 1990, respondent, aged 17 at the time, offered a plea of admission and was adjudicated responsible for entering without breaking with intent to commit a felony or larceny therein, MCL 750.111, and unlawfully driving away a motor vehicle, MCL 750.413. On October 9, 2006, respondent filed an application to set aside his adjudications, pursuant to the statute pertaining to the setting aside of a juvenile adjudication, MCL 712A.18e.[2] On October 23, 2006, the trial court granted respondent's application and set aside the two offenses for which respondent was adjudicated responsible. The prosecu-

---

[1] While findings of responsibility for multiple offenses contained as separate counts in a single petition may be made at a single adjudicatory hearing (plea or trial) and may be included in a single order of adjudication (SCAO form JC 59), each offense is considered a separate adjudication of responsibility.

[2] The setting aside of a juvenile adjudication of responsibility is comparable to the setting aside a conviction in the criminal context found in MCL 780.621.

tion appeals as of right the trial court's order setting aside respondent's two offenses.

The prosecution's sole contention on appeal is that the plain language of MCL 712A.18e provides that respondent is ineligible to have the adjudication set aside because he was adjudicated responsible for two offenses and the trial court therefore erred in granting respondent's application. Statutory interpretation is a question of law that is reviewed by this Court de novo. *People v Derror*, 475 Mich 316, 324; 715 NW2d 822 (2006).

In considering a question of statutory construction, this Court begins by examining the language of the statute. *People v Wolfe*, 251 Mich App 239, 242; 651 NW2d 72 (2002). Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. *Id.* Nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself. *Id.* This Court reads the statutory language in context to determine whether ambiguity exists. *Id.* If the language is unambiguous, judicial construction is precluded and the statute is enforced as written. *Id.*

The statute regarding the setting aside of an adjudication of responsibility, MCL 712A.18e(1), provides, in relevant part:

> Except as provided in subsection (2), *a person who has been adjudicated of not more than 1 juvenile offense* and who has no felony convictions may file an application with the adjudicating court for the entry of an order setting aside the adjudication. A person may have only 1 adjudication set aside under this section. [Emphasis added.][3]

---

[3] We note that the statute clearly limits its application to persons who have been adjudicated as juveniles of not more than one *offense* rather than one *petition* (possibly containing multiple counts) as interpreted by the trial court.

This particular section of the juvenile code does not define "offense." However, the word "offense" is used in several of the Michigan Court Rules relating to juvenile delinquency proceedings. For example MCR 3.903(B)(3) states that " 'Offense by a juvenile' means an act that violates a criminal statute, a criminal ordinance, a traffic law, or a provision of MCL 712A.2(a) or (d)." In MCR 3.941(A), the court rules refer to the taking of a plea from a juvenile by stating, in relevant part, "[a] juvenile may offer a plea of admission or of no contest to an offense with the consent of the court." Then in MCR 3.942(D), regarding the verdict in a juvenile proceeding, the court rules state, "In a delinquency proceeding, the verdict must be guilty or not guilty of either the offense charged or a lesser included offense."

*Webster's* dictionary defines "offense" as "a violation or breaking of a social or moral rule . . . ." *Random House Webster's College Dictionary* (2001). Similarly, the Black's Law Dictionary definition of "offense" is "[a] violation of the law . . . ." Black's Law Dictionary (8th ed). Moreover, § 30 of the juvenile code defines "juvenile offense" as "a violation by a juvenile of a penal law of this state or a violation by a juvenile of an ordinance of a local unit of government of this state punishable by imprisonment or by a fine that is not a civil fine."[4] MCL 712A.30(1)(a). Hence, all these definitions are consistent with the plain meaning of "offense." Applying the plain meaning of offense and its usage in both the juvenile code and the court rules to the facts of this case, respondent was adjudicated responsible for violating two separate laws—one for en-

---

[4] MCL 712A.30(1) provides that its definition of juvenile offense is "[f]or purposes of this section and section 31 . . . ." Although the section at issue in this case is not § 30 or 31, the definition still proves insightful because it is nevertheless a part of the juvenile code and it does not conflict with any other definition of "offense" provided by the code.

tering without breaking and another for unlawfully driving away a motor vehicle—and thus, was adjudicated responsible for two offenses. Because MCL 712A.18e plainly provides that an offender who was adjudicated responsible for more than one offense is not eligible to have the adjudication set aside, respondent is not eligible to have the adjudication set aside.[5]

Had the Legislature intended the dispositive factor to be something other than the number of offenses for which the juvenile is adjudicated responsible, it would have so stated. *People v Williams*, 268 Mich App 416, 425; 707 NW2d 624 (2005) ("[T]his Court gives effect to every word, phrase, and clause in the statute. We must consider both the plain meaning of the critical words or phrases, as well as their placement and purpose in the statutory scheme. This Court must avoid a construction that would render any part of a statute surplusage or nugatory.") (citations omitted). Where, like here, the word "offense" in the statute pertaining to the setting aside of an adjudication of responsibility is unambiguous, judicial construction is not permitted and the statute is to be enforced as written.

Accordingly, we come to the indisputable conclusion that the express language of the statute provides that eligibility to have an adjudication set aside hinges on the number of offenses for which a juvenile has been found responsible. Because respondent committed two

---

[5] We also take note of the fact that some counties include multiple offenses in separate counts in a single petition, whereas other counties include only one offense in each petition. Therefore, if we were to concur with the result reached by the trial court in this case, in those counties where a juvenile was found responsible for more than one offense charged in a single petition, that person would be entitled to relief under MCL 712A.18e, whereas in counties where a juvenile was found responsible for the same number of offenses, but with each offense charged in its own petition, that person would not be entitled to relief under MCL 712A.18e.

separate offenses for which he was adjudicated responsible, he is not entitled to relief pursuant to MCL 712A.18e.

Reversed. We do not retain jurisdiction.