# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JASON ROBERT MYSLIWIEC,

Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 328384
Berrien Circuit Court
LC No. 2014-015686-FH

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant was convicted by a jury of operating while intoxicated, MCL 257.625(1), third offense, MCL 257.625(9)(c). Defendant was sentenced to 132 days in jail with credit for 72 days served and the additional 60 days to be served on SCRAM tether, as well as two years' probation and 480 hours of community service. Defendant now appeals by right. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises out of a traffic stop conducted during the early morning hours of Saturday, June 21, 2014. Niles Police Officer, Shane Daniel, testified that he was on routine patrol at approximately 1:50 or 1:55 a.m. on June 21, 2014. He saw an SUV driving toward him on South 11th Street, which then made a U-turn. In making the U-turn, the SUV drove into a driveway for a business on the street, overshooting the driving lane of the road, and continued to drive away from Officer Daniel. Officer Daniel followed the SUV, and, after approximately one mile, the SUV "veered to the right and was driving on the white fog line" on the outside of the roadway before the grass or gravel surface begins. He continued to follow the SUV for approximately two more miles and then pulled it over in a well-lit area. Defendant was the only person in the SUV. Officer Daniel noticed that defendant's eyes "looked red and bloodshot" and that there was a strong smell of alcohol.

Officer Daniel conducted four field sobriety tests and concluded that defendant was driving under the influence. Officer Daniel asked defendant if he had been drinking, and defendant indicated that he had not been drinking. Officer Daniel arrested defendant, and defendant agreed to take a breath test using the DataMaster "DMT" machine. Two tests were administered and defendant's results were 0.23 and 0.24 blood-alcohol-level.

-1-

Defendant was subsequently charged with operating a vehicle while being under the influence of intoxicating liquor or having an alcohol content of 0.08 grams or more per 210 liters of breath, MCL 257.625(1), third offense, MCL 257.625(9)(c). Defendant was charged with the third offense enhancement based on a prior Colorado conviction from June 2, 2000, for operating while impaired and a prior Michigan conviction from July 15, 2008, for operating while intoxicated. The parties do not dispute that defendant's Colorado conviction was a violation of Colo Rev Stat Ann 42-4-1301(1)(b).

Before trial, defendant moved the trial court to dismiss the felony information. Defendant argued that his prior conviction in Colorado did not meet the statutory definition of "prior conviction" under MCL 257.625(25) because the Colorado statute does not substantially conform to a law of this state. Defendant further argued that the felony information should be dismissed as a result because operating while intoxicated is a felony if the violation occurs after two or more convictions.

A hearing on defendant's motion was held on October 30, 2014, where defense counsel addressed the issue of whether defendant's charge was properly determined to be a third offense rather than a second offense based on the wording of the Colorado statute, and he asked the trial court to find that the Colorado statute was not analogous to the Michigan statute. Defense counsel argued that the Colorado statute's standard is based on "impairment in the slightest degree" of the particular driver, while the Michigan statute refers to "an ordinary driver" and uses intoxication that is observable by another person as the standard. Defense counsel argued that "the Colorado statute would cover levels of intoxication and impairment that are far below what would be recognized even under Michigan's impaired statute."

The prosecution argued in response that under *People v Wolfe*, 251 Mich App 239; 651 NW2d 72 (2002), when addressing whether the statutes were substantially similar, the Michigan statute requires that the law of the other state substantially correspond to Michigan law, not that the statutes match identically. The prosecution argued that the Colorado statute essentially required an evaluation of whether the driving was reasonable or "worse than an ordinary person would drive" and that this is exactly the same standard under the Michigan statute.

The trial court noted that there are two basic drunk driving crimes in Michigan, OUIL and OWI, and that OWI has a much lower threshold. The trial court also noted that Colorado has "a statute that is similar to the breakdown that Michigan has," where the statute makes it a misdemeanor for a person to drive "under the influence of alcohol" and defines a separate misdemeanor of driving while "impaired by alcohol." The court recognized that there were some differences in wording between the two statutes. However, the court ultimately concluded that the "conviction for impaired driving in Colorado is substantially similar and therefore it can be counted as a prior conviction," based on its findings that the Michigan legislature intended "to capture a conviction in another state, like Colorado, where they have a similar breakdown between OUIL, and OWI" and that "the legislative intent, both in Colorado and Michigan, I believe is the same." The trial court denied defendant's motion.

Defendant was convicted and sentenced as set forth above. This appeal ensued.

## II. ANALYSIS

Defendant argues that his prior conviction in Colorado for driving while ability impaired, Colo Rev Stat Ann 42-4-1301(1)(b), does not satisfy the definition of "prior conviction" in MCL 257.625(25)(b) and thus was improperly counted as a third offense to enhance his instant conviction to a felony.

Whether a statute of another state satisfies the definition of "prior conviction" found in MCL 257.625(25)(b) involves an issue of statutory construction, that we review de novo. *Wolfe*, 251 Mich App at 242.

In *Wolfe*, 251 Mich App at 245, this Court construed the term "substantially corresponding" contained within the statutory definition of "prior conviction" for purposes of MCL 257.625. The defendant in *Wolfe* had been charged with operating while impaired under MCL 257.625(3), while a person under the age of sixteen was in the vehicle, and the prosecution sought to enhance the charge to a felony pursuant to MCL 257.625(7)(a)(*ii*) based on the defendant's prior Texas conviction for driving while intoxicated. *Id*. at 240-241. The Texas statute provided that "[a] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place" and defined "intoxicated" to mean "(A) not having the normal use of mental faculties by reason of the introduction of alcohol . . . or (B) having an alcohol concentration of 0.10 or more." *Id*. at 244-245 (quotation marks and citation omitted).

The *Wolfe* Court stated that "[t]he core issue in this case is whether MCL 257.625(1) and (3) and [the Texas driving while intoxicated statute] are substantially corresponding laws within the meaning of [what is now MCL 257.625(25)(b)]." *Id*. at 245. The Court determined that "substantial" means "being such with respect to essentials: *two stories in substantial agreement*; pertaining to the substance, matter, or material of a thing; pertaining to the essence of a thing." *Id*. at 245 (quotation marks and citation omitted). The Court also determined that "corresponding" means "similar in position, form, etc: *corresponding officials in two states*," and that synonyms for "corresponding" include "like, akin, alike, analogous, and comparable." *Id*. (quotation marks and citation omitted). The *Wolfe* Court held that the "plain language" of the Michigan and Texas statutes "indicates that they are substantially corresponding statutes that require 'no judicial gloss to show [their] similarity,' " reasoning that "[w]hile the Michigan and Texas laws employ different words, it is clear that each of the statutes in question uses similar subjective criteria to prohibit similar conduct pertaining to the same essence, namely, drunk driving." *Id*. at 245-246 (first alteration in original). The Court emphasized that Michigan's statutory definition of prior conviction "requires that the law of the other state 'substantially correspond' to a law of this state; it does not require an identical match." *Id*. at 246.

In this case, there are "two basic 'drunk driving' crimes" in Michigan. *Oxendine v Secretary of State*, 237 Mich App 346, 352; 602 NW2d 847 (1999). The first is driving while intoxicated as set forth in MCL 257.625(1); the second is driving while visibly impaired as set forth in MCL 257.625(3).

Ordinarily, a person who is convicted of violating MCL 257.625(1) is guilty of a misdemeanor. MCL 257.625(9)(a). However, "[i]f the violation occurs after 2 or more prior convictions . . . the person is guilty of a felony." MCL 257.625(9)(c). Likewise, a person convicted of violating MCL 257.625(3) is ordinarily guilty of a misdemeanor, MCL

257.625(11)(a), but "[i]f the violation occurs after 2 or more prior convictions . . . the person is guilty of a felony," MCL 257.625(11)(c).

For purposes of both these offenses, the term "prior conviction" is defined in MCL 257.625(25)(b) in relevant part as follows:

> (b) "Prior conviction" means a conviction for any of the following, whether under a law of this state . . . *or a law of another state substantially corresponding to a law of this state . . .* :
>
> (*i*) . . . a violation or attempted violation of any of the following:
>
> (A) *This section . . .* or a violation of any prior enactment of this section in which the defendant operated a vehicle *while under the influence* of intoxicating or alcoholic liquor or a controlled substance, or a combination of intoxicating or alcoholic liquor and a controlled substance, *or while visibly impaired, or with an unlawful bodily alcohol content.* [Emphasis added.]

In the instant case, defendant was convicted of driving while intoxicated under MCL 257.625(1), and that offense was enhanced to a felony based on defendant's prior two drunk driving convictions—one from Michigan and one from Colorado. Defendant does not dispute his prior Michigan conviction. The issue is whether defendant's prior Colorado conviction under Colo Rev Stat Ann 42-4-1301(1)(b) counts as a prior conviction for purposes of MCL 257.625(25)(b) sufficient to enhance defendant's instant conviction to a felony. Because the state does not contend that the Colorado statute corresponds to MCL 257.625(1), for the Colorado conviction to count as a prior conviction it must substantially correspond to MCL 257.625(3). MCL 257.625(25)(b)(*i*)(A).

At the time that defendant was convicted,[1] the Colorado statute provided in relevant part as follows:

> It is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle in this state. [Colo Rev Stat Ann 42-4-1301(1)(b).]
>
> * * *
>
> '[D]riving while ability impaired' means driving a vehicle when a person has consumed alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, which alcohol alone, or one or more drugs alone, or alcohol combined with one or more drugs, *affects the person to the slightest degree so that the person is less able than the person ordinarily would have been, either*

---

[1] Portions of the statute were amended effective August 5, 2016. See HB 15-1043.

*mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle.* [Colo Rev Stat Ann 42-4-1301(1)(g) (emphasis added).]

The corresponding Michigan statute provides as follows:

A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state *when, due to the consumption of alcoholic liquor*, a controlled substance, or other intoxicating substance, or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance, *the person's ability to operate the vehicle is visibly impaired.* If a person is charged with violating subsection (1), a finding of guilty under this subsection may be rendered. [MCL 257.625(3) (emphasis added).]

The offense of operating while visibly impaired in MCL 257.625(3) is a lesser included offense of the crime set forth in MCL 257.625(1) and does not require the prosecution to prove as great a degree of intoxication. *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975). The standard for proving that a driver's ability was visibly impaired is that the "defendant's ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant *drove with less ability than would an ordinary, careful and prudent driver,*" and that the reduced ability to drive is "visible to an ordinary, observant person." *Id.* (emphasis added).

It is clear that both MCL 257.625(3) and Colo Rev Stat Ann 42-4-1301(1)(b) involve the same "essence," *Wolfe*, 251 Mich App at 245; that is they both proscribe driving after consuming alcohol when such consumption diminishes one's capacity to drive in an ordinarily safe and careful manner, see *Lambert*, 395 Mich at 305. While the Colorado statute refers to how "the person ordinarily" would have driven without consuming alcohol, and the Michigan standard refers to "an ordinary, careful and prudent driver," this is not a material difference. Each statute simply sets a baseline of ordinary, reasonably safe and careful driving against which to judge the driving of a person who has consumed alcohol. The Michigan baseline is phrased in terms of the hypothetical ordinary driver who drives in a careful and prudent manner, while the Colorado standard assumes that the person driving would ordinarily "exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle," Colo Rev Stat 42-4-1301(1)(g). Both standards rely on assumptions about ordinary driving and essentially require police officers to judge a person's driving based on commonly accepted notions of safe driving. Thus, the statutes have the same fundamental purpose and are directed at conduct that is "corresponding" because it is "like, akin, alike, analogous, and comparable." *Wolfe*, 251 Mich App at 245. MCL 257.625(25) only "requires that the law of the other state 'substantially correspond' to a law of this state; it does not require an identical match." *Wolfe*, 251 Mich App at 246. The statutes may "employ different words," but they clearly are directed at the "same essence." *Id.* at 245-246.

Defendant relies on *Oxendine*, 237 Mich App at 357, to support the proposition that the Colorado statutory language creates a much lower threshold of impairment than the Michigan statute does. However, the Court in *Oxendine* specifically limited its analysis to "whether a

conviction of violating the North Carolina impaired driving statute based solely on a finding that one drove '[w]hile under the influence of an impairing substance' substantially corresponds to the Michigan crime of OUIL [i.e. MCL 257.625(1)]." *Id*. at 351(first alteration in the original; citation omitted). The Court did not determine whether the North Carolina statute at issue substantially corresponded to Michigan's offense of operating while visibly impaired, found in MCL 257.625(3). Here, in contrast, the above analysis demonstrates how the Colorado statute substantially corresponds to MCL 257.625(3).

The Colorado statute under which defendant was previously convicted substantially corresponds to MCL 257.625(3) and thus defendant's operating while intoxicated conviction was properly enhanced to a felony pursuant to MCL 257.625(9)(c).

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey