# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* LUCCUS PAYNE STILLER, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

LUCCUS PAYNE STILLER,

        Respondent-Appellant.

UNPUBLISHED
June 13, 2017

No. 330569
Oakland Circuit Court
Juvenile Division
LC No. 2013-805550-DL

---

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Respondent appeals as of right the order of disposition placing him on probation and requiring him to tour the Oakland County Jail, graduate from high school, complete assigned community service work or obtain part-time employment, and attend "Judge Grant's Criminal Call." Respondent entered a plea of admission to possession of tobacco by a minor, MCL 722.642(1)(b), and following an adjudication, the trial court found respondent responsible for possession of a weapon in a weapon free school zone, MCL 750.237a(4). We affirm.

Respondent contends that the prosecution failed to present sufficient evidence to support his conviction of possession of a weapon in a weapon free school zone. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "In examining the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). "[C]ircumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *Solloway*, 316 Mich App at 181. "[I]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). This Court does not interfere with the factfinder's determinations regarding the weight of the evidence and the credibility of the witnesses. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

-1-

MCL 750.237a(4) states, in relevant part, "an individual who possesses a weapon in a weapon free school zone is guilty of a misdemeanor." The definition of "weapon free school zone" includes school property. MCL 750.237a(6)(e). Possession of a weapon can be either actual or constructive. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). "Actual possession exists when an individual knowingly has direct physical control over a thing at a given time, and constructive possession exists when a person does not have physical possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *People v Flick*, 487 Mich 1, 15; 790 NW2d 295 (2010), quoting *United States v Hunter*, 558 F3d 495, 504 (CA 6, 2009). "Dominion or control over the object need not be exclusive." *Flick*, 487 Mich at 14. This Court has described constructive possession of an article as when "there is proximity to the article together with indicia of control." *Id*., quoting *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989).

It is undisputed that respondent's backpack and the knife it contained were within a weapon-free school zone. On appeal, respondent argues that (1) he did not "possess" a weapon because he had no knowledge of the knife inside his backpack, and (2) the prosecution did not prove beyond a reasonable doubt that the length of the knife blade was more than 3 inches. Respondent's arguments are unpersuasive.

The trial court indicated that its finding of guilt rested substantially on the testimony of John Bennink, a behavior interventionist for respondent's school, and CL, one of respondent's classmates. According to CL, respondent was present when a knife belonging to CL's brother went missing. Later, after Bennink discovered respondent smoking in the boy's restroom, he asked respondent if there was anything "illegal" in respondent's backpack. Respondent did not specifically mention a knife. However, he stated that there was something "metal" in his backpack that someone else had put there two days prior. Bennink removed respondent's backpack from respondent's school locker and discovered a knife inside. Nothing in the record suggests that anyone other than respondent had access to respondent's locker or his backpack. The fact that the knife was inside respondent's backpack is evidence of respondent's power and intention to exercise control over the weapon. Respondent admitted that the knife had been present in his backpack for two days by the time Bennink found it. It would be reasonable to infer, based on the passage of time and the fact that respondent identified a "metal" object in his backpack, that respondent knew the knife was inside. Relying on CL's testimony, the trial court concluded that respondent had taken the knife from the woods and placed it into his backpack:

> It's clear from [CL's] testimony that you were with him when he had his brother's knife in the woods and that he was missing that knife. In fact he testified his brother was upset with him because his knife was missing. It's clear his knife was missing and it's clear you had it in your locker.

Although there is some evidence to support the inference that one of respondent's classmates put the knife in respondent's backpack, this Court must review the evidence in a light most favorable to the prosecution and draw its inferences in support of the verdict. The testimony presented was sufficient to support the inference that respondent had knowledge of the weapon he possessed.

Respondent has presented no authority to support his assertion that to qualify as a "weapon" under MCL 750.237a, the knife found in his backpack needed to be more than 3

-2-

inches long. We could therefore consider the argument abandoned. *People v Huffman*, 266 Mich App 354, 371; 702 NW2d 621 (2005). However, we note that MCL 750.237a does not define the term "weapon," and states only that " '[w]eapon' includes, but is not limited to, a pneumatic gun." MCL 750.237a(6)(d). "Nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself." *In re Hutchinson*, 278 Mich App 108, 110; 748 NW2d 604 (2008). "Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning." *Id*. The Legislature's use of the term "weapon" in MCL 750.237a, rather than "dangerous weapon," as it uses elsewhere in the penal code,[1] indicates that the omission was purposeful. *In re AJR*, 300 Mich App 597, 601; 834 NW2d 904 (2013) ("[T]his Court may not ignore the omission of a term from one section of a statute when that term is used in another section of the statute."). For purposes of MCL 750.237a, "weapon" must be given its plain and ordinary meaning. Nothing in the language of MCL 750.237a requires that for a knife to be a weapon, it must be 3 inches long. We decline to read any such limitation into the statute.

Respondent refers us to a section of the Revised School Code, MCL 380.1 *et seq.*, which states that "[a]s used in this section, 'dangerous weapon' means a firearm, dagger, dirk, stiletto, knife with a blade over 3 inches in length, pocket knife opened by a mechanical device, iron bar, or brass knuckles." MCL 380.1313(4). But by its plain language, the application of that definition is clearly limited to MCL 380.1313, a statute that allows a school official to take certain actions upon discovery of a "dangerous weapon" in the possession of a pupil. Not only is respondent's definition found within a statutory scheme independent of the one containing the charged offense, it employs the phrase "dangerous weapon," rather than "weapon." These statutes operate independently, though congruently. That a knife fewer than 3 inches in length fails to meet the definition of "dangerous weapon" under MCL 380.1313 does not automatically preclude it from consideration as a weapon under MCL 750.237a.

Regardless, the trial court made an explicit finding regarding the length of the knife. Bennink testified that during his search, he found a knife with "longer than [a] three-inch blade." In rendering its conclusions, the trial court stated, "I do find [the knife] was over a three inch blade based on [Bennink's] credible testimony that the knife was longer than a three inch blade." Again, this Court does not interfere with the trier of fact's determination of witness credibility. The testimony supported the trial court's findings in this regard. We therefore find that sufficient evidence was presented to support the trial court's adjudication of guilt on the charge of possession of a weapon in a weapon free school zone.

---

[1] For example, a person violates MCL 750.227(1) when he carries "a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or *any other dangerous weapon*," in a concealed manner. (Emphasis added.)

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello