PEOPLE v BOULDING

Docket No. 88774. Submitted June 5, 1986, at Grand Rapids. Decided
August 8, 1986.

Wiley C. Boulding petitioned the Kent Circuit Court seeking to
have the record of his conviction for fourth-degree criminal
sexual conduct expunged. The court, Roman J. Snow, J., denied
the petition and defendant appealed.

The Court of Appeals *held:* ·

The nature of defendant's offense by itself does not preclude
the setting aside of his conviction. The record in this case is
unclear as to whether the circuit court denied the petition
solely on this basis or whether the circuit court made a proper
determination to deny the petition after considering the cir-
cumstances and behavior of defendant since his conviction and
the public's welfare.

Remanded.

CRIMINAL LAW — CONVICTIONS — SETTING ASIDE OF CONVICTIONS.

A trial court, when petitioned by a defendant who seeks to have
the record of his conviction expunged, must weigh the circum-
stances and behavior of the defendant since the date of his
conviction against the public welfare before granting or deny-
ing the petition in the exercise of its discretion (MCL 780.621;
MSA 28.1274[101]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Timothy K. McMorrow,* Chief
Appellate Attorney, for the people.

*James F. Bauhof,* for defendant on appeal.

REFERENCES                   .
Am Jur 2d, Criminal Law §§ 580, 586.
Judicial expunction of criminal record of convicted adult. 11
ALR4th 956.
See also the annotations in the Index to Annotations under Convic-
tion; Expungement; Vacating or Setting Aside.

Before: Sullivan, P.J., and R. M. Maher and M. G. Harrison,* JJ.

Per Curiam. This matter is on appeal from a denial by the circuit court of a petition by defendant pursuant to MCL 780.621; MSA 28.1274(101) seeking that the record of his 1977 conviction for criminal sexual conduct in the fourth degree be expunged. Defendant was originally charged with third-degree criminal sexual conduct.

At the hearing, defendant testified he had been in no legal difficulty, had been employed and was currently seeking employment, and it was important to him that his record be expunged. No testimony was offered in opposition. The prosecuting attorney, although opposing the petition, acknowledged defendant's exemplary character since his conviction.

In denying the petition, the court stated:

> Because of the objections raised by the prosecutor in this case, because of the nature of the offense in this case—it was, in fact, a forcible rape —in my discretion I will at this time deny the application to set aside the conviction, without prejudice for the opportunity for this individual to bring the request again at scme future date.

Defendant asserts that the trial court did not recognize his discretion, failed to exercise it, and, in fact, deferred to the prosecuting attorney. We are persuaded that the lower court did recognize it had discretion, exercised it, and did not abdicate its responsibility to the prosecutor. Nevertheless, because of the insufficiency of the court's ruling, we are of the opinion the matter must be remanded.

The statute in question provides:

* Circuit judge, sitting on the Court of Appeals by assignment.

> If the court determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. The setting aside of a conviction under this act is a privilege and conditional and is not a right. [MCL 780.621(9); MSA 28.1274(101)(9).]

The nature of the offense itself does not preclude the setting aside of an offender's record. Therefore, that reason standing alone is insufficient to deny the petition. MCL 780.621(2); MSA 28.1274(101)(2).

The statute by its plain language requires a balancing of factors, specifically a determination of the "circumstances and behavior" of a petitioner balanced against the "public welfare." In ruling on such matters, enough of a determination must be provided from which to analyze the manner in which the court's discretion was exercised and the basis for the court's determination. *People v West,* 408 Mich 332, 340; 291 NW2d 48 (1980); *Karaskiewicz v Blue Cross & Blue Shield of Michigan,* 126 Mich App 103, 109; 336 NW2d 757 (1983).

Remanded.