PEOPLE v COHEN

Docket No. 177290. Submitted March 13, 1996, at Lansing. Decided June 4, 1996, at 9:05 A.M. Leave to appeal sought.

Robert A. Cohen, ten years after being sentenced to lifetime probation for delivery of between 50 and 224 grams of cocaine, applied to the Oakland Circuit Court for the expungement of his conviction. The court, Barry L. Howard, J., granted expungement. The people appealed.

The Court of Appeals *held*:

MCL 771.2(3); MSA 28.1132(3) provides that lifetime probation, like that which was imposed on the defendant, shall not be reduced other than by a revocation that results in imprisonment. Expungement of the defendant's conviction pursuant to MCL 780.621; MSA 28.1274(101) would effectively reduce his period of probation and would be in derogation of MCL 771.2(3); MSA 28.1132(3).

Reversed and remanded for reinstatement of conviction and sentence.

C. C. SCHMUCKER, J., dissenting, stated that delivery of between 50 and 224 grams of cocaine is not punishable by life imprisonment and therefore is not subject to the exclusion from expungement set by MCL 780.621(2); MSA 28.1274(101)(2) for a conviction of a felony for which the maximum penalty is life imprisonment. The Legislature could not have intended that those imprisoned for delivery of between 50 and 224 grams of cocaine be eligible for expungement of their convictions but not those who, like the defendant, are sentenced to lifetime probation for the same offense. The case should be remanded for a determination whether the circumstances and behavior of the defendant, balanced against the public welfare, entitle the defendant to expungement.

CONTROLLED SUBSTANCES — LIFETIME PROBATION — EXPUNGEMENT.

Lifetime probation imposed under MCL 333.7401(2); MSA 14.15(7401)(2) or MCL 333.7403(2); MSA 14.15(7403)(2) for the manufacture, creation, delivery, possession, or possession with intent to manufacture, create, or deliver a controlled substance may not be reduced other than by revocation that results in imprisonment; expungement of such conviction and sentence, which would effectively reduce the period of probation but not result in

imprisonment, may not be granted (MCL 771.1[4], 771.2[3], 780.621;
MSA 28.1131[4], 28.1132[3], 28.1274[101]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, and *Joyce F. Todd*, Assistant Prosecuting Attorney, for the people.

*Robin M. Lerg, for the defendant.*

Before: FITZGERALD, P.J., and CORRIGAN and C. C. SCHMUCKER,* JJ.

FITZGERALD, P.J. The prosecutor appeals as of right[1] the June 15, 1994, order setting aside defendant's 1984 conviction of delivery of between 50 and 224 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401) (2)(a)(iii), pursuant to MCL 780.621; MSA 28.1274 (101). We reverse.

Defendant was charged with delivery of between 50 and 224 grams of cocaine and conspiracy to deliver between 50 and 224 grams of cocaine. Pursuant to a plea agreement in which the conspiracy charge was dismissed, defendant pleaded guilty of delivery of between 50 and 224 grams of cocaine on July 26, 1984. He was sentenced to lifetime probation.[2] On May 4, 1994, he filed an application to set aside the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In *People v Reed*, 198 Mich App 639, 642-645; 499 NW2d 441 (1993), aff'd 449 Mich 375; 535 NW2d 496 (1995), the Court held that it had jurisdiction to hear a prosecutor's appeal when a trial court has granted a defendant relief from judgment. Under the express language of MCL 600.308(1)(a); MSA 27A.308(1)(a) and MCL 600.308(2)(e); MSA 27A.308(2)(e), the prosecutor could have appealed by right or by leave.

[2] At the time of defendant's conviction, the trial court had discretion to impose a sentence of lifetime probation for delivery of between 50 and 224 grams of cocaine. However, lifetime probation may no longer be imposed upon conviction of this offense. See 1987 PA 275, effective March 30, 1988.

conviction. A review of the record of the hearing on the application reveals that defendant had no convictions for ten years following his conviction and had no outstanding charges. The trial court entered an order setting aside the conviction on June 14, 1994.

On appeal, the prosecutor argues that the trial court abused its discretion in setting aside defendant's conviction. A trial court's authority to expunge a properly obtained criminal conviction is derived from MCL 780.621; MSA 28.1274(101). *People v Boynton*, 185 Mich App 669, 671; 463 NW2d 174 (1990). The expungement statute provides:

> (1) Except as provided in subsection (2), a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside the conviction.
>
> (2) A person shall not apply to have set aside, nor may a judge set aside, a conviction for a felony for which the maximum penalty is life imprisonment or a conviction for a traffic offense.
>
> (3) An application shall not be filed until the expiration of 5 years following the imposition of the sentence for the conviction that the applicant seeks to set aside or 5 years following completion of any term of imprisonment for that conviction, whichever occurs later.
>
> \*   \*   \*
>
> (9) If the court determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. The setting aside of a conviction under the act is a privilege and conditional and is not a right. [MCL 780.621; MSA 28.1274(101).]

The expungement statute specifically prohibits the setting aside of a conviction for a felony for which the maximum penalty is life imprisonment or a conviction for a traffic offense. Delivery of between 50 and 224 grams of cocaine is an expungeable offense because it is not one of the offenses specifically listed in § 621 for which expungement is not available. The prosecutor argues, however, that MCL 771.2(3); MSA 28.1132(3) precludes the trial court from expunging a conviction under MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) for which a sentence of lifetime probation was imposed.

At the time of defendant's sentencing, the trial court had the option of imposing a sentence of lifetime probation for a conviction under MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). It is clear, by reference to the probation statute, that lifetime probation imposed for a violation of § 7401(2)(a)(iii) may not be reduced other than by a revocation that results in imprisonment. The probation statute provides in relevant part:

> The sentencing judge may place a defendant on life probation pursuant to subsection (1) if the defendant is convicted for a violation of section 7401(2)(a)(iv)[3] or 7403(2)(a)(iv) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 or 333.7403 of the Michigan Compiled Laws, or conspiracy to commit either of those 2 offenses. [MCL 771.1(4); MSA 28.1131(4).]

> A defendant who is placed on probation pursuant to section 1(4) of this chapter shall be placed on probation for

---

[3] The former version of the statute referred to § 7401(2)(a)(iii). The current version refers to § 7401(2)(a)(iv) because § 7401(2)(a)(iii) no longer provides the sentencing option of lifetime probation. Rather, only § 7401(2)(a)(iv) provides the sentencing option of lifetime probation.

life. That sentence shall be made subject to conditions of
probation specified in section 3 of this chapter, including
the payment of a probation supervision fee as prescribed in
section 3c of this chapter, and to revocation for violation of
those conditions, *but the period of probation shall not be
reduced other than by a revocation that results in impris-
onment.* [MCL 771.2(3); MSA 28.1132(3) (emphasis added).]

The primary goal of judicial interpretation of stat-
utes is to give effect to the intent of the Legislature.
*People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557
(1995), cert den 513 US ___ (1995). The first criterion
in determining intent is the specific language of the
statute. *House Speaker v State Administrative Bd*,
441 Mich 547, 567; 495 NW2d 539 (1993); *People v
Hawkins*, 181 Mich App 393, 396; 448 NW2d 858
(1989). If the plain and ordinary meaning of the lan-
guage is clear, judicial construction is normally
neither permitted nor necessary. *Lorencz v Ford
Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

The plain language of MCL 771.2(3); MSA
28.1132(3) provides that a sentence of lifetime proba-
tion imposed pursuant to MCL 771.1(4); MSA
28.1131(4) may not be reduced other than by a revo-
cation that results in imprisonment. Thus, although
MCL 780.621; MSA 28.1274(101) does not specifically
prohibit the setting aside of a conviction under
§ 7401(2)(a)(iii), the probation statute prohibits
reduction of the period of probation imposed for a
conviction under § 7401(2)(a)(iii). Because expunge-
ment of defendant's conviction under the general
expungement statute would effectively reduce
defendant's period of probation in derogation of the
specific probation statute, the trial court erred in set-

ting aside defendant's conviction under MCL 780.621; MSA 28.1274(101).[4]

Reversed and remanded for reinstatement of defendant's conviction and sentence.

Corrigan, J., concurred.

C.C. Schmucker, J. (*dissenting*). I dissent. The Legislature has clearly provided the circuit court with authority to expunge a conviction for delivery of between 50 and 224 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii).

Lifetime probation is a permissible sentence for delivery or possession with intent to deliver less than 50, between 50 and 224, or between 225 and 650 grams of certain controlled substances. For delivery of over 650 grams, the Legislature has mandated life imprisonment. The Legislature did not provide life imprisonment as a possible sentence for delivery of between 50 and 224 grams of cocaine.

The expungement statute provides in part as follows:

> A person shall not apply to have set aside, nor may a judge set aside a conviction for a felony for which the maximum penalty is *life imprisonment* or a conviction for a traffic offense. [MCL 780.621(2); MSA 28.1274(101)(2) (emphasis added).]

Because delivery of between 50 and 224 grams of cocaine is not punishable by life imprisonment, a con-

---

[4] When two statutes conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Gephardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994); *Jenkins v Carney-Nadeau Public School*, 201 Mich App 142, 145; 505 NW2d 893 (1993).

viction for that offense should be eligible for
expungement.

The prosecution argues, and the majority agrees,
that the lifetime probation statute does not allow for
expungement because it provides that the period of
probation shall not be reduced other than by a revo-
cation that results in imprisonment. MCL 771.2(3);
MSA 28.1132. The majority's interpretation of these
statutes suggests that a defendant who is sentenced
to prison could have a conviction expunged, but a
defendant who received lifetime probation is not eligi-
ble for expungement. The more serious offenders are
sent to prison and are denied the opportunity of life-
time probation. The Legislature certainly could not
have intended that the more serious offenders be eli-
gible for expungement while the others may not.

The Legislature has specifically indicated that life
offenses are not eligible for expungement. I would
find that a trial court has authority to grant relief to a
person on lifetime probation. However, I would
remand to the trial court because the court failed to
engage in any meaningful analysis of either the cir-
cumstances and behavior of the applicant or the pub-
lic welfare.

At the hearing, the trial court remarked that the
expungement statute does not prevent the court from
granting expungement, that the conviction was almost
ten years old, and that the offense involved fifty
grams of cocaine.[1]

The expungement statute provides as follows:

---

[1] The record suggests that this delivery was not simply 50 grams, but
was 139 grams of cocaine.

If the court determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. The setting aside of the conviction under this act is a privilege and conditional and is not a right. [MCL 780.621(9); MSA 28.1274(101)(9).]

In *People v Boulding*, 160 Mich App 156, 158; 407 NW2d 613 (1986), the Court noted:

The statute by its plain language requires a balancing of factors, specifically a determination of "circumstances and behavior" of a petitioner balanced against the "public welfare." In ruling on such matters, enough of a determination must be provided from which to analyze the manner in which the court's discretion was exercised and the basis for the court's determination.

Although the defendant is eligible for expungement, mere eligibility is not enough. The court should have balanced the factors. The Legislature has clearly indicated by the substantial mandatory minimum penalty for this offense that it is one of the most serious offenses in this state. Many life offenses, which are not eligible for expungement, do not have a mandatory minimum of more than ten years.

The court did not engage in balancing. The court did not exercise discretion, but simply granted the relief on the basis of the defendant's eligibility for expungement. I would remand this matter to the trial court so the court can engage in the necessary balancing of factors.