*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
May 18, 2023

v

No. 359856
Isabella Circuit Court
LC No. 12-000506-FC

KEVIN PATRICK MCCONNELL,

        Defendant-Appellant.

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his application to set aside his plea-based juvenile adjudication for third-degree criminal sexual conduct (CSC-III). Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2012, defendant was charged as an adult with three counts of criminal sexual conduct for events that had transpired between January 1, 1998 and December 31, 2001, when defendant was a teenager. Defendant ultimately entered a plea of no contest—as a juvenile—to one count of CSC-III, MCL 750.520d(1)(d), for an offense that occurred between January 1, 1998 and April 15, 1999, when he was 13 or 14 years old. The trial court entered an order of disposition, placing defendant on probation for three years.

At the time that defendant filed his application in 2021 to expunge the juvenile adjudication, he was 35. Although represented by counsel, defendant appeared at the first hearing without counsel present, and the trial court mistakenly proceeded under the belief that defendant

---

[1] *People v McConnell*, unpublished order of the Court of Appeals, entered May 23, 2022 (Docket No. 359856).

was representing himself. After hearing from defendant, the victim and the prosecution expressed opposition to the expungement. The victim made the following statement:

> So, I guess my biggest thing is that having this expunged would allow him to be active as far as coaching or volunteering in kids sports. Having a son of my own . . . I don't think this is either [sic] appropriate. I don't want my son or any of our future kids around a possible coach that has this record.
>
> And as far as I'm concerned, I'm the survivor of this. Therefore, I have to live with this every single day and I'm reminded of it. So, there's also consequences that he needs to live with reminders that he can't just do everything that he thinks he should be able to do when he knew better and was old enough to know what he was doing and did it anyway.

The trial court denied the application, noting first that adults convicted of criminal sexual conduct were not eligible to have the conviction expunged. The court also remarked:

> [T]o be candid the main issue I'm concerned about is the feelings of the victim. If I had a case where a victim was of the belief that it would be proper for the Court to grant an expungement on a juvenile CSC adjudication I would give it some thought and perhaps I would.
>
> But I just in good conscious [sic] don't feel it would be appropriate to grant an expungement like this when our victim has appeared numerous times in court, every time the case has been scheduled, she's been here. And when she's not in favor of it. So, I just don't feel it's appropriate granting the expungement and I'm going to deny it.

Defendant moved for reconsideration, arguing that the trial court should give defendant an opportunity to present his case again with his counsel present. The trial court conducted another hearing and granted defendant's request to proceed with counsel. As with the first hearing, defendant presented testimony that he worked on his family's farm, was married, had four children, had successfully completed probation, and had no other convictions or outstanding charges.

In denying the motion for reconsideration, the trial court again noted on the record that, if defendant had been convicted as an adult, he would not be eligible for expungement. The trial court also reiterated the victim's opposition to the expungement, stating:

> But in this particular case, I know that the victim—this had to be very difficult for her not only physically, but mentally. It's something that she is probably still living with to this day, would be my guess. I think when bad things happen to people, they just don't disappear. They just don't go away. They . . . stay with you. They're things that you have to deal with. She'll be dealing with it for her whole life. I mean, that's my analysis. I'm not a psychiatrist or psychologist but I've been around for a long time. I used to prosecute C.S.C. cases. I've interacted with a lot of victims on C.S.C. cases. I know that often a person is scarred for life.

So, I understand and appreciate that, you know, Mr. McConnell has not been in any trouble for a period of time, but when I look at how serious his conduct was—and when I look at the bottom-line fact—I mean, I've heard from [the prosecutor] that [the victim] is not in favor of this expungement. I think she articulated that to me previously. I didn't want to ask her anything at this hearing because I really didn't want to put her in a position where the lawyers were gonna ask her questions. So, I didn't suggest that she be sworn in so I could ask her a couple of questions and then have either lawyer want to question her. I didn't want her questioned today at this hearing. She told me how she felt last time around. But I have to believe that if I exercise my discretion and granted this expungement, that that would be probably very painful for [the victim]. And to be candid, after all she's gone through I'm not interested in causing any mental anguish.

The court entered a written order denying defendant's motion the same day. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review for an abuse of discretion the trial court's decision on a motion to set aside a juvenile adjudication. *People v McCullough*, 221 Mich App 253, 256; 561 NW2d 114 (1997). We also review for an abuse of discretion the trial court's decision on a motion for reconsideration. *People v Perkins*, 280 Mich App 244, 248; 760 NW2d 669 (2008). "An abuse of discretion occurs if the court does not select a reasonable and principled outcome." *People v Simon*, 339 Mich App 568, 580; 984 NW2d 800 (2021).

### B. DISCUSSION

Defendant argues that the trial court abused its discretion because it improperly based its decision on the nature of the offense and usurped the role of the legislature when the court stated that adults convicted of the same offense would not be eligible to have their convictions set aside. We disagree.

MCL 712A.18e governs the setting aside of adjudications by application and states, in relevant part:

(1) Except as otherwise provided in subsection (2) and section 18t of this chapter, a person who has been adjudicated of not more than 1 juvenile offense that would be a felony if committed by an adult and not more than 3 juvenile offenses, of which not more than 1 may be a juvenile offense that would be a felony if committed by an adult and who has no felony convictions may file an application with the adjudicating court or adjudicating courts for the entry of an order setting aside the adjudications. . . .

* * *

(9) Except as provided in this subsection and subsection (10), if the court determines that the circumstances and behavior of the applicant from the date of the applicant's adjudication to the filing of the application warrant setting aside the 1 adjudication for a juvenile offense that would be a felony if committed by an adult . . . and that setting aside the adjudication or adjudications is consistent with the public welfare, the court may enter an order setting aside the adjudication. . . . If the court also determines that setting aside the adjudication or adjudications is consistent with the public welfare, the court may enter an order setting aside the adjudication as provided in this subsection. Except as provided in subsection (10), the setting aside of an adjudication under this section is a privilege and conditional, and is not a right.

"The victim has the right to appear at any proceeding under this section concerning that adjudication and to make a written or oral statement." MCL 712A.18e(7).

We have previously stated that "[t]he setting aside of a juvenile adjudication of responsibility is comparable to the setting aside a conviction in the criminal context found in MCL 780.621." *In re Hutchinson*, 278 Mich App 108, 109 n 2; 748 NW2d 604 (2008).[2] Accordingly, we may look to cases decided in the adult criminal context for guidance.

Whether setting aside a conviction or juvenile adjudication, the focus cannot *solely* be on the nature of the offense itself. *People v Rosen*, 201 Mich App 621, 623; 506 NW2d 609 (1993) ("The nature of the offense itself does not preclude the setting aside of an offender's conviction. That reason, standing alone, is insufficient to warrant denial of an application to set aside a conviction."). Rather, the trial court must focus its analysis on: (1) the circumstances and the defendant's behavior since the offense was committed, and (2) consideration of the public welfare. MCL 712A.18e(9).

The statute does not define "public welfare." In the context of motions to set aside adult convictions, we have defined the term as "[a] society's well-being in matters of health, safety, order, morality, economics, and politics." *People v Butka*, unpublished per curiam opinion of the

---

[2] MCL 780.621d governs applications to set aside a criminal conviction, which is similar to the language of MCL 712A.18e(9):

If the court determines *that the circumstances and behavior of an applicant* under section 1(1) or (3), *from the date of the applicant's conviction or convictions to the filing of the application* warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions *is consistent with the public welfare*, the court may enter an order setting aside the conviction or convictions. [MCL 780.621d(13) (emphasis added).]

-4-

Court of Appeals, issued May 19, 2022 (Docket No. 356977), p 5 (quotation marks and citation omitted).[3] "[T]he public welfare includes every member of the public, without exclusion." *Id*.

Turning to the facts of this case, there is no dispute that defendant's CSC-III conviction would have been a felony conviction if defendant pleaded guilty as an adult. MCL 750.520d(2) ("Criminal sexual conduct in the third degree is a felony punishable by imprisonment for not more than 15 years."). There is also no evidence in the record that defendant had other juvenile adjudications. Accordingly, defendant was eligible to have his adjudication set aside under MCL 712A.18e(1).

Defendant argues on appeal that the trial court abused its discretion when it denied his motion to set aside the adjudication because the court usurped the role of the legislature "by deciding that it would not set aside McConnell's juvenile adjudication because it was for third-degree criminal sexual conduct on the basis that it would not have been expungeable [sic] had he been adjudicated as an adult." The record does not support this contention. In both hearings, the trial court did remark that if defendant had been convicted as an adult, his conviction would not be eligible to be set aside. During the first hearing, the court stated:

> For a conviction for CSC if it was an adult conviction a person cannot even ask for an expungement, it's prohibited by the statute. If you're convicted of CSC 3rd, you can't even ask. And that's because the legislature understands, you know how horrible these types of convictions are. So, you can't even ask to have one expunged if you're adult.

And later, during the second hearing, it made similar remarks:

> Now, if the defendant had been convicted as an adult he would not even be eligible to ask for an expungement. He can only ask for one because of the fact that it was a juvenile adjudication. Now . . . it's rare, I think, that I would ever be inclined to grant an expungement on a C.S.C. case. There might be a unique . . . set of facts and a person's conduct after the incident may be so good that maybe I would go with an expungement on a C.S.C. for the right set of facts.

Contrary to defendant's suggestion, at no point during the proceedings did the trial court state that it was denying the motion because similarly-situated adults were ineligible. Rather, it is evident that the court was concerned about the nature of the offense—both generally and in the context of the case. In our view, it was in this context that the trial court made these statements, which were immediately followed by an acknowledgment that defendant's adjudication was eligible to be set aside. And while the nature of the offense cannot be the sole factor when deciding whether to set aside an adjudication, nothing in the statute or caselaw interpreting it counsels that the court may not consider it at all, especially in light of the requirement that the court consider whether setting aside the adjudication is in the "public welfare."

---

[3] Although unpublished decisions are not binding on this Court, we may consider them for their persuasive value. *People v Swenor*, 336 Mich App 550, 563 n 7; 971 NW2d 33 (2021).

-5-

In *Butka*, we addressed a similar argument made on appeal by the adult criminal defendant whose motion to set aside his child abuse conviction was denied by the trial court. In affirming the court's order, we stated:

> [T]he court considered the circumstances of Butka's conviction for third-degree child abuse, i.e., the impact that Butka's actions had on his victims. Nothing in the court's ruling suggested that the same outcome would occur for every third-degree child abuse conviction. Indeed, not all victims will remain negatively affected and continue to oppose an application to have a conviction set aside. In this case, however, both of Butka's stepdaughters issued statements explaining that, even 15 years after Butka abused them, they remained negatively impacted. They both expressed that it would be unfair to them if they had to continue to live with the consequences of Butka's actions while he was able to have the conviction completely erased from his record. Thus, it was because of the circumstances of this case—i.e., how deeply and negatively affected Butka's victims were—that the court exercised its discretion to deny Butka's application.

Similarly here, the trial court acknowledged the seriousness of defendant's actions, and did so in the context of the impact those actions had on the victim. The court expressed that what it was "concerned about is the feelings of the victim," and while it may be proper to set aside an adjudication for criminal sexual conduct "where a victim was of the belief that it would be proper for the Court to grant an expungement," such was not the case here. In sum, we disagree with defendant's characterization that the trial court "usurped" the Legislature's because, plainly, it did not. The court's statements concerning eligibility for adult offenders merely provided context for its conclusion that setting aside the adjudication would be contrary to the public welfare.

We likewise reject defendant's argument that the trial court abused its discretion by resting its decision "solely on the nature of the offense involved." In support of his argument, defendant relies on *Rosen* and *People v Boulding*, 160 Mich App 156; 407 NW2d 613 (1986).[4] In *Rosen*, 201 Mich App at 622-623, we held that the trial court abused its discretion when it denied the defendant's motion to set aside her conviction under MCL 780.621(9) because the court improperly based its decision "solely on the nature of the offense involved." The trial court did not take any testimony at the hearing and, in denying the motion, focused entirely on the nature of the offense:

> I will deny the motion, particularly in substance abuse cases or cases involving illegal substances or the trafficking [sic] of substances. . . .
>
> * * *
>
> As I say, there was a large amount involved and I don't believe that employers and others should be ignorant of the fact that this person they are hiring has been deeply involved in illegal substances, particulary [sic] with cocaine.

---

[4] "Cases decided before November 1, 1990, can be considered persuasive authority, although they are not binding precedent." *In re JP*, 330 Mich App 1, 14 n 6; 944 NW2d 422 (2019).

Marijuana looks different. But cocaine, that's the way I feel about it. And I will deny the motion. [*Id*. at 622 (alterations in original).]

We reasoned that "[t]he nature of the offense itself does not preclude the setting aside of an offender's conviction. That reason, standing alone, is insufficient to warrant denial of an application to set aside a conviction." *Id*. The Court remanded so that a proper determination could be made with "consideration of the circumstances and behavior of defendant since her conviction and the public welfare . . . ." *Id*.

Similarly, in *Boulding*, we held that the trial court abused its discretion when it denied the defendant's petition to set aside his conviction under MCL 780.621(9) "because of the insufficiency of the court's ruling . . . ." *Boulding*, 160 Mich App at 157. The defendant had been convicted of CSC-IV. *Id*. The trial court focused primarily on "the nature of the offense in this case—it was, in fact, a forcible rape . . . ." *Id*. (quotation marks omitted). In remanding to the trial court, we reasoned that "[t]he nature of the offense itself does not preclude the setting aside of an offender's record. Therefore, that reason standing alone is insufficient to deny the petition." *Id*. at 158. The Court further reasoned that a trial court must balance various factors, "specifically a determination of the 'circumstances and behavior' of a petitioner balanced against the 'public welfare.' " *Id*. We held that the trial court's ruling did not provide enough for this Court "to analyze the manner in which the court's discretion was exercised and the basis for the court's determination." *Id*.

Unlike *Rosen* and *Boulding*, the trial court below did not focus only on the nature of the offense. The court took testimony from defendant—which did not occur in *Rosen*—in which defendant explained how his life had improved since the adjudication, including getting married, having children, and maintaining consistent employment. The court considered this testimony, stating: "I understand and appreciate that, you know, Mr. McConnell has not been in any trouble for a period of time." The court also took testimony from the victim—which also did not occur in *Rosen*—in which the victim detailed the impact the offense had on her life and her desire that defendant's adjudication not be set aside. Thus, contrary to defendant's argument that the court relied solely on the nature of the offense, the court focused primarily on whether setting aside the adjudication would be consistent with the public welfare, i.e., the impact on the victim if the adjudication were set aside.[5]

In sum, the trial court did not abuse its discretion when it denied defendant's motion to set aside his conviction. The court did not usurp the role of the legislature, nor did it rely solely on the nature of defendant's offense. The court was permitted to, and did, rely on the impact that

_____

[5] We likewise disagree defendant's suggestion that it was improper for the trial court to rely on the victim's testimony. We rejected this argument in *Butka*, unpub op at 5, in which the defendant argued it was improper for the trial court to rely on the testimony of the defendant's victims because the "public welfare" factor was only concerned with the public at large.

setting aside the conviction would have on the victim, and exercised its discretion to deny the motion.[6]

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[6] Because we conclude the trial court did not abuse its discretion when it denied defendant's motion, we need not address defendant's argument that the case should be reassigned to a different judge on remand.