*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MONICA RANNAY PULLIAM,

        Defendant-Appellant.

UNPUBLISHED
February 8, 2024

No. 362439
Kent Circuit Court
LC No. 95-002701-FC

Before: FEENEY, P.J., and RICK and HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order granting her application to set aside her prior convictions of maintaining a drug house, MCL 333.7405, and possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), but denying her application to set aside her prior convictions for manslaughter, MCL 750.321, and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, under the clean slate law, MCL 780.621 *et seq*. We affirm.

## I. FACTUAL BACKGROUND

This case stems from defendant's application to set aside four prior convictions, two convictions from 1996 and two from 2000. In December 1995, defendant pleaded guilty to manslaughter and AWIGBH; she was subsequently sentenced in January 1996 (hereinafter referred to as the 1996 convictions). These convictions arose from an incident in which defendant intentionally hit the victims—her ex-boyfriend and his new girlfriend—with her car. The victims were riding a bicycle at the time and got pinned under defendant's car upon impact. Defendant's ex-boyfriend died as a result of his injuries. In June 2000, defendant pleaded guilty to maintaining

---

[1] *People v Pulliam*, unpublished order of the Court of Appeals, entered January 17, 2023 (Docket No. 362439).

a drug house and possession of less than 25 grams of cocaine. She was sentenced the same year (hereinafter referred to as the 2000 convictions).

In January 2022, defendant applied to have her prior convictions set aside under the clean slate law. At a hearing on defendant's application, the trial court granted the motion to set aside her 2000 convictions, but denied the motion as to the 1996 convictions. The trial court reasoned:

> Regarding the nature of the 1996 offenses the facts are shocking. Apparently, in a jealous rage the applicant intentionally drove her vehicle into the victims. The victims were her ex-boyfriend and his girlfriend who were on a bicycle. The act was intentional. Her ex-boyfriend ended up dying from his injuries. At the scene, not only did the applicant not express concern or remorse but essentially tried to justify her conduct.
>
> Again, the Court recognizes that the nature of the offense by itself is not sufficient justification for the Court to refuse to set aside those convictions. But here the applicants [sic] subsequent conduct to the manslaughter was troubling. Four years later, as a convicted felon, she was found in possession of a firearm and was then convicted of resisting and obstructing a police officer. While the Court acknowledges that much time has expired since then, an innocent victim is dead because of the applicant's intentional conduct and even after that the appellant continued to make terrible choices that were criminal in nature.
>
> Taking all of this into account, the Court will grant the request to set aside the two 2000 drug convictions, but the Court cannot find that setting aside the 1996 convictions would be consistent with the public welfare. And therefore, the 1996 convictions will not be set aside at this time. The Court applauds the applicants [sic] positive record in recent years. And I do, in fact, give Ms. Pulliam a great deal of credit for that. And that certainly made the call about the drug convictions much easier for the Court. But that is the decision of the Court.

The trial court also noted that only four years after defendant's 1996 convictions, she was charged with, but not convicted of, felon in possession of a firearm (felon-in-possession), MCL 750.224f. Further, in 2007, defendant was convicted of resisting and obstructing a police officer under a municipal ordinance.[2] Ultimately, although the trial court believed that defendant had done a "terrific job of turning [her] life around," it denied her motion to set aside her convictions for manslaughter and AWIGBH. This appeal followed.

---

[2] The state law offense of resisting and obstructing a police officer, MCL 750.81d, is traditionally categorized as a high-court misdemeanor because it has a maximum penalty of two years' imprisonment. However, the parties agreed at oral argument that defendant was convicted under a Grand Rapids municipal ordinance, rather than under state law. Under the Grand Rapids municipal ordinance, the offense is a misdemeanor.

## II. ANALYSIS

Defendant argues that the trial court usurped the role of the Legislature and violated this Court's precedent by denying the motion to set aside her convictions solely on the basis of the nature of the offenses. We disagree.

"A trial court's decision on an application to set aside a conviction is reviewed for an abuse of discretion." *People v Maryanovska*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362098); slip op at 2; see also MCL 780.621d(13). "At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Therefore, "[a] trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes." *Maryanovska*, ___ Mich App at ___; slip op at 2.

"This Court reviews de novo questions of statutory interpretation." *People v Van Heck*, 252 Mich App 207, 211; 651 NW2d 174 (2002). Our "goal in interpreting a statute is to give effect to the intent of the Legislature as expressed in the statute's language." *People v Garrison*, 495 Mich 362, 367; 852 NW2d 45 (2014). Therefore, absent any ambiguity, we "assume that the Legislature intended for the words in the statute to be given their plain meaning," and we enforce the statute as written. *Id*.

The clean slate law lists specific types of convictions that are ineligible for expungement. Notably, manslaughter and AWIGBH are not on that list. MCL 780.621c.[3] Defendant has four felonies on her record: manslaughter, AWIGBH, maintaining a drug house, and possession of less than 25 grams of cocaine. She also has a single misdemeanor offense for resisting and obstructing a police officer. Generally, "a person convicted of 1 or more criminal offenses, but not more than a total of 3 felony offenses, in this state, may apply to have all of his or her convictions from this state set aside." MCL 780.621(1)(a). Although defendant technically has four felonies on her record, her 2000 convictions of maintaining a drug house and possession of cocaine are considered a single felony for purposes of the clean slate law under the "one bad night" exception, MCL 780.621b, thus bringing her total number of felonies down to three.

Under MCL 780.621(1)(b), "[a]n applicant may not have more than a total of 2 convictions for an assaultive crime set aside under this act during his or her lifetime." Defendant sought to have her 1996 convictions of manslaughter and AWIGBH expunged. While technically eligible for expungement, it remained within the trial court's "discretion to grant or deny a petition for expungement." *Van Heck*, 252 Mich App at 210 n 3. Indeed, aside from the automatic expungement provisions of the clean slate law,[4] the statute specifically notes that "[t]he setting

---

[3] Although defendant's manslaughter and AWIGBH offenses involved the use of a vehicle, they are not considered "traffic offenses" that would not be eligible for expungement under the clean slate law. See MCL 780.621a(b); MCL 760.621c(d)(i) through (iii).

[4] MCL 780.621g, effective April 11, 2021, governs the automatic expungement of certain misdemeanor and felony offenses. While inapplicable to the case at bar, the following resources

aside of a conviction or convictions under this act is a privilege and conditional and is not a right." MCL 780.621d(14). Further, MCL 780.621d(13) states:

> If the court determines that the circumstances and behavior of an applicant . . . from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare, the court may enter an order setting aside the conviction or convictions.

The clean slate law and this Court's precedential caselaw support the conclusion that a trial court may exercise its discretion to deny a defendant's application to set aside a conviction, even if the crime of which the defendant was convicted is otherwise eligible for expungement under MCL 780.621c.

However, this Court has also held that "the nature of the offense itself does not preclude the setting aside of an offender's conviction." *People v Rosen*, 201 Mich App 621, 623; 506 NW2d 609 (1993). This is so because "by its plain language [the clean slate law] requires a balancing of factors, specifically a determination of the circumstances and behavior of a petitioner balanced against the public welfare." *Id.* (quotation marks and citation omitted). "In ruling on such matters, enough of a determination must be provided from which to analyze the manner in which the court's discretion was exercised and the basis for the court's determination." *Id.* (quotation marks and citation omitted).

Defendant objects to this exercise of the court's discretion. She contends that whether the public welfare outweighs the private interests served by expungement is a policy question best left to the Legislature. Defendant notes that the trial court referred to the death of her ex-boyfriend twice when analyzing her 1996 convictions, and suggests that the trial court's focus on the victim indicates its belief that convictions of assaultive crimes should never be set aside. The record belies defendant's claim. There is no evidence that the trial court usurped the Legislature's lawmaking function when it declined to set aside her 1996 convictions. The trial court did not express the belief that convictions of assaultive crimes should *never* be set aside. Instead, the trial court focused on defendant's individual record, stating that while it agreed that the nature of the offense itself was not a sufficient justification to deny her application to set aside her convictions, defendant's "subsequent conduct to the manslaughter was troubling." Further, the court observed that defendant's actions resulted in the death of an innocent victim. The court found this particularly relevant because after that incident, defendant "continued to make terrible choices that were criminal in nature." This articulation by the trial court indicates that it exercised its discretion

---

thoroughly explain the nuances of the automatic expungement provisions of the clean slate law: Michigan Supreme Court, *Automatic Set Aside (Clean Slate) Q & A* (September 7 , 2023), available at <https://www.courts.michigan.gov/4a5cc0/siteassets/court-administration/scao-communications/2023/2023-04-03-qas-automatic-set-aside.pdf> (accessed January 29, 2024); Michigan State Police, *Michigan Clean Slate* <https://www.michigan.gov/msp/services/chr/conviction-set-aside-public-information/michigan-clean-slate> (accessed January 29, 2024), and Safe & Just Michigan, *Clean Slate for Michigan* <https://www.safeandjustmi.org/our-work/clean-slate-for-michigan> (accessed January 29, 2024).

to decline to set aside defendant's manslaughter and AWIGBH convictions because of her subsequent criminal conduct. The court thus did not conclude that convictions of assaultive crimes should never be expunged. Instead, the trial court properly weighed the nature of the offenses and defendant's subsequent criminal conduct against the public welfare. On balance, it concluded that setting aside defendant's 1996 convictions would be inconsistent with the public welfare. This determination was well within the court's discretion. Accordingly, defendant's argument on this point lacks merit.

Defendant also argues that the trial court's denial of her application violated this Court's holdings in *People v Boulding*, 160 Mich App 156; 407 NW2d 613 (1986), and *Rosen*, 201 Mich App 621, because the trial court erroneously denied her application to set aside her 1996 convictions solely on the basis of the nature of the offenses. We disagree. In *Boulding*, 160 Mich App at 157, this Court held that the trial court abused its discretion by denying the defendant's petition to set aside his conviction of fourth-degree criminal sexual conduct. The trial court focused primarily on the nature of the offense—forcible rape—in deciding to exercise its discretion and deny the defendant's application. *Id*. In remanding to the trial court, this Court reasoned that "[t]he nature of the offense itself does not preclude the setting aside of an offender's record. Therefore, that reason standing alone [was] insufficient to deny the petition." *Id*. at 158. However, this Court correctly noted that a trial court must balance various factors, and weigh "the circumstances and behavior of a petitioner . . . against the public welfare." *Id*. (quotation marks omitted). This Court determined that the trial court's ruling did not provide a record sufficient for the Court "to analyze the manner in which the court's discretion was exercised and the basis for the court's determination." *Id*.

Similarly, in *Rosen*, 201 Mich App at 622-623, this Court held that the trial court abused its discretion when it denied the defendant's motion to set aside her conviction of possession of cocaine. The trial court did not take any testimony at the hearing and, in denying the motion, focused entirely on the nature of the offense. *Id*. at 622. The court stated that some matters should remain on a person's criminal record, including "substance abuse cases or cases involving illegal substances . . . ." *Id*. The trial court reasoned that it did not believe that "employers and others should be ignorant of the fact that [a] person they are hiring has been deeply involved in illegal substances, [particularly] with cocaine." *Id*. This Court concluded that the trial court improperly justified its decision "solely on the nature of the offense involved," which, "standing alone, [was] insufficient to warrant denial of an application to set aside a conviction." *Id*. at 623.

Unlike in *Boulding* and *Rosen*, the trial court in the present case did not focus solely on the nature of defendant's 1996 convictions. The trial court heard testimony from defendant—which did not occur in *Rosen*—in which defendant explained the ways in which her life had improved since her convictions. The trial court considered this testimony, applauding defendant for her "positive record in recent years." The trial court also considered the nature and circumstances of defendant's criminal activity from 1996 to 2007. The court referred to defendant's conduct following the 1996 convictions as "troubling," reasoning that, a few years after these convictions, defendant was found in possession of a firearm and was then convicted of resisting and obstructing a police officer.

Nevertheless, defendant argues that rather than meaningfully consider her postconviction conduct, the trial court used her convictions from 2000 to support a denial that was truly premised

solely on the nature of her 1996 offenses. Defendant also argues that the trial court relied on her 2007 misdemeanor conviction of resisting and obstructing a police officer to deny the request to set aside her 1996 convictions, but apparently took no issue with the same charge in choosing to set aside her 2000 convictions. But our review of the record indicates that the weight that the trial court gave to defendant's 2000 and 2007 offenses in ruling on the expungement of her 1996 convictions, as opposed to her 2000 convictions, was reasonable. The sum total of defendant's criminal conduct following her 2000 convictions was her single misdemeanor conviction in 2007. By contrast, her 1996 convictions were followed by the 2000 felony convictions *and* the 2007 misdemeanor conviction. It was rational, therefore, for the trial court to assign more weight to defendant's postconviction behavior following her 1996 convictions than her 2000 convictions.

Defendant further supports her argument that the trial court's reliance on her 2000 and 2007 offenses were superficial with the fact that the trial court twice mentioned that her intentional conduct in 1995 caused the death of her ex-boyfriend. The trial court stated that, although significant time had passed since defendant's 1996 convictions, "an innocent victim [was] dead because of [defendant's] intentional conduct and even after that the [defendant] continued to make terrible choices that were criminal in nature." Defendant contends that the trial court overlooked her 13-year conviction-free record and her testimony regarding her postconviction behavior. However, we once again reiterate that in determining how to rule on defendant's application to set aside her 1996 convictions, the trial court was required to balance the circumstances and behavior of defendant "from the date of [defendant's] conviction or convictions to the filing of the application" against the public welfare. MCL 780.621d(13). Although defendant has not been convicted of any new crimes in the past 13 years and provided testimony about how she has worked to better her life, the court was nevertheless obligated to consider her felony offenses from 2000 and the misdemeanor offense from 2007. Under the circumstances, and in light of the applicable law, the trial court appropriately considered these offenses, along with defendant's postconviction behavior, in determining that granting her application to set aside her 1996 convictions would be inconsistent with the public welfare.

## III. CONCLUSION

We find no abuse of discretion in this case. Ultimately, the trial court assigned more weight to defendant's postconviction behavior before 2007 than to her behavior after her 2007 misdemeanor conviction of resisting and obstructing a police officer. This was an exercise of the trial court's discretion, not a usurpation of the Legislature's lawmaking function. Contrary to defendant's argument, the trial court did not express the belief that convictions of assaultive crimes could *never* be set aside, and instead determined that setting aside defendant's manslaughter and AWIGBH convictions in this specific instance would be inconsistent with the public welfare. Further, the trial court's denial of defendant's application did not run afoul of this Court's precedent because it did not deny defendant's application solely on the basis of the nature of her 1996 convictions. The record indicates that the trial court devoted significant attention to the circumstances, nature, and consequences of defendant's 1996 convictions in denying her application to set aside said convictions, but also balanced those factors, and others, against the public welfare. In doing so, the court properly complied with the clean slate law.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Michelle M. Rick
/s/ Noah P. Hood