PEOPLE v ROSEN

Docket No. 145987. Submitted September 13, 1993, at Lansing. Decided October 4, 1993, at 9:00 A.M.

Nikki Rosen filed a motion in the Lenawee Circuit Court seeking that the record of her 1986 conviction of possession of cocaine be expunged pursuant to MCL 780.621; MSA 28.1274(101). The court, Kenneth B. Glaser, J., denied the motion on the basis that the conviction involved a large quantity of cocaine and that employers and others should not be ignorant of the fact that Rosen had been involved with cocaine. Rosen appealed.

The Court of Appeals *held:*

It was an abuse of discretion requiring reversal for the trial court to deny Rosen's motion to set aside the conviction solely because of the nature of the offense. The statute clearly requires a balancing of the circumstances and behavior of the offender against the public welfare. Under these circumstances, the proceedings on remand should be before a different judge.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Irving C. Shaw, Jr.,* Prosecuting Attorney, and *Frank C. Riley,* Chief Assistant Prosecuting Attorney, for the people.

*Kenneth M. Mogill,* for the defendant.

Before: HOLBROOK, JR., P.J., and FITZGERALD and TAYLOR, JJ.

FITZGERALD, J. Defendant appeals as of right from a denial by the circuit court of a motion by defendant pursuant to MCL 780.621; MSA 28.1274(101) seeking that the record of her 1986 conviction of possession of cocaine be expunged. After defendant's original conviction of delivery of cocaine was reversed by this Court, defendant

pleaded guilty of possession of cocaine and was sentenced to five years' probation, with the first sixty days to be served in the county jail.

No testimony was taken at the hearing concerning defendant's motion, even though defense counsel offered to make defendant available for questioning. Because the trial prosecutor[1] had agreed at the time of defendant's plea not to object to a motion to expunge the record of the conviction if defendant successfully completed her probation period and otherwise complied with the terms of the statute, his successor did not take a position concerning defendant's motion.

In denying the motion, the court stated:

> I will deny the motion, particularly in substance abuse cases or cases involving illegal substances or the trafficing [sic] of substances. I generally feel that that matter should remain on the record and that the employers should know about it. And with some exceptions—there may be some exceptions. I don't always do the same thing.
>
> This was a fairly large case, quite a lot of cocaine involved. It was really a delivery but she was allowed to plead guilty to possession after the Court of Appeals reversed the conviction of delivery of cocaine.
>
> As I say, there was a large amount involved and I don't believe that employers and others should be ignorant of the fact that this person they are hiring has been deeply involved in illegal substances, particulary [sic] with cocaine. Marijuana looks different. But cocaine, that's the way I feel about it. And I will deny the motion.

Defendant asserts that the trial court erred in

[1] The trial prosecutor was deceased at the time of defendant's motion. The successor prosecutor indicated at the hearing that "the only position we will take out of Mr. Fairchild's [the trial prosecutor] memory is that we will take no position on this."

basing its decision solely on the nature of the offense involved. We agree.

MCL 780.621(9); MSA 28.1274(101)(9) provides:

> If the court determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. The setting aside of a conviction under this act is a privilege and conditional and is not a right.

The nature of the offense itself does not preclude the setting aside of an offender's conviction. That reason, standing alone, is insufficient to warrant denial of an application to set aside a conviction. *People v Boulding,* 160 Mich App 156, 158; 407 NW2d 613 (1986). In *Boulding,* this Court stated:

> The statute by its plain language requires a balancing of factors, specifically a determination of the "circumstances and behavior" of a petitioner balanced against the "public welfare." In ruling on such matters, enough of a determination must be provided from which to analyze the manner in which the court's discretion was exercised and the basis for the court's determination.

The record is clear that the trial court denied the motion solely because of the nature of defendant's offense itself. Consequently, remand for a proper determination, after consideration of the circumstances and behavior of defendant since her conviction and the public welfare, is necessary.

In light of the trial judge's comments at the hearing, we conclude sua sponte that it is reasonable to expect that the original judge on remand would have substantial difficulty putting out of his

mind his previously expressed views regarding the expunging of the record of a drug offender's criminal conviction. Therefore, proceedings on remand should take place before a different judge.

Remanded.