# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JACOB TYLER IMANSE,

       Defendant-Appellant.

UNPUBLISHED
August 11, 2015

No. 322223
Cass Circuit Court
LC No. 07-010065-FH

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant Jacob Tyler Imanse was convicted of attempted manslaughter (with a motor vehicle), MCL 750.321, pursuant to his plea of *nolo contendere* entered on November 26, 2007. He was sentenced to five years' probation and 90 days in jail with credit for one day already served. On October 16, 2013, after completing his jail sentence and probation, defendant filed an application to set aside his conviction of attempted manslaughter. The trial court denied the application after a hearing on the matter. Defendant thereafter filed a delayed application for leave to appeal, which was granted. *People v Imanse*, unpublished order of the Court of Appeals, entered November 13, 2014 (Docket No. 322223). Defendant thus appeals by leave granted the December 19, 2013, order denying the application to set aside his conviction.

Defendant raises two issues on appeal, which we address together. First, defendant argues that the trial court abused its discretion by failing to provide enough of an explanation for this Court to analyze how its discretion was exercised and the basis for its determination. Second, defendant argues that the trial court solely relied on the nature of the underlying offense in denying defendant's application to set aside his conviction. It is within the trial court's discretion to grant or deny an application to set aside a conviction. *People v Van Heck*, 252 Mich App 207, 210 n 3; 651 NW2d 174 (2002). A trial court abuses its discretion when it "chooses an outcome falling outside [the] principled range of outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). This standard "acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Id*.

The standards for setting aside a conviction were set forth in MCL 780.621(9) at the time the motion was decided, which provides:

(9) If the court determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare, the court may enter an order setting aside the conviction. The setting aside of a conviction under this act is a privilege and conditional and is not a right.

Thus, the plain language of MCL 780.621 requires a balancing between (1) defendant's circumstances and behavior from the date of the conviction to the filing of the application, and (2) whether setting aside the conviction is consistent with the public welfare. *People v Rosen*, 201 Mich App 621, 623; 506 NW2d 609 (1993), quoting *People v Boulding*, 160 Mich App 156, 158; 407 NW2d 613 (1986). When the trial court makes this determination, it must provide "enough of a determination" to "analyze the manner in which the court's discretion was exercised and the basis for the court's determination." *Rosen*, 201 Mich App at 623, quoting *Boulding*, 160 Mich App at 158. Further, "[t]he nature of the offense *itself* does not preclude the setting aside of an offender's conviction," and "[t]hat reason, *standing alone*, is insufficient to warrant denial of an application to set aside a conviction." *Rosen*, 201 Mich App at 623 (emphasis added).

In *Rosen*, at the hearing on the defendant's application to set aside his conviction, the trial court stated:

I will deny the motion, particularly in substance abuse cases or cases involving illegal substances or the trafficing [sic] of substances. I generally feel that that matter should remain on the record and that the employers should know about it . . . particulary [sic] with cocaine. Marijuana looks different. But cocaine, that's the way I feel about it. [*Id*. at 622]

This Court remanded the case for a proper determination because the trial court denied the application *solely* based on the nature of the offense. *Id*. at 623. The *Rosen* Court did not hold that the nature or circumstances of the offense could not be considered in the public welfare analysis—only that the nature of the offense may not be the sole consideration for deciding an application to set aside a conviction. See *id*. at 622-623.

In this case, the trial court provided a detailed discussion of the applicable law and its analysis. The trial court even expressly recognized that it could not use the nature of the offense as the sole reason for denial. First, the trial court considered defendant's behavior from the date of his conviction to the filing of the application and acknowledged his achievements. Then the trial court noted that defendant was not denied any opportunities yet. Next, the court turned to whether setting aside the conviction was consistent with public welfare. It noted that driving history is important because of safety and accountability. The trial court considered the circumstances surrounding the offense in the sense that this case was premised upon a driving offense, but defendant was prosecuted under the general manslaughter statute. The court stated that is was an "interesting situation" because the Legislature exempted traffic offenses from expungement. These considerations are not intrinsic of the offense itself, but rather specific to defendant's case. Moreover, the court considered the effect of defendant's offense on the victims and society. The court noted the victim's death and that her family and friends will

never forget this loss. Finally, the court stated that it was "balancing all of these factors" and reached its conclusion.

Given this detailed discussion on the record, the trial court provided this Court with enough information "to analyze the manner in which the court's discretion was exercised and the basis for the court's determination." *Rosen*, 201 Mich App at 623. Defendant argues that the trial court effectively determined that defendant was rehabilitated, but concluded that driving offenses should remain open to the public without explaining how it was inconsistent with the public welfare. However, the trial court explained that this was important for safety and accountability. Moreover, the trial court read letters from the victim's family, friends, and supporters, which opposed setting aside the conviction. It acknowledged that their family member and friend died and that the criminal justice system could not bring her back. The trial court then balanced these factors to reach its conclusion that setting aside the conviction was inconsistent with the public welfare. Therefore, defendant's argument is without merit.

Further, because of the trial court's discussion involving defendant's accomplishments, the circumstances surrounding defendant's offense, and the specific effect on the victims, it is clear that the trial court did not deny the application solely based on the nature of the offense. See *id*. at 622-623. Further, the opposition from the victim's family and friends, the traffic-related circumstances, and the circumstances surrounding the offense demonstrate that setting aside the conviction was inconsistent with public welfare, and that the trial court's decision was within the range of principled outcomes. Thus, it did not abuse its discretion. *Babcock*, 469 Mich at 269.

Defendant nevertheless argues that his case warranted expungement (Defendant's brief, 16-20). However, this argument ignores that setting aside a conviction "is a privilege and conditional and is not a right." MCL 780.621(15). Further, this argument ignores that the trial court has discretion to grant or deny an application to set aside a conviction. *Van Heck*, 252 Mich App at 210 n 3. When a trial court has discretion in a matter, such as here, there are circumstances where "there will be more than one reasonable and principled outcome." *Babcock*, 469 Mich at 269. Therefore, even if setting aside defendant's conviction was one of the principled outcomes, denial is another principled outcome. We appreciate the fact that trial courts, advocates and applicants for expungement have little guidance as to how courts should analyze these petitions. Additionally, we are conscious that similar cases may have vastly different outcomes. However, absent legislative action, the courts are left to prudently exercise their broad discretion. As discussed *supra*, this trial court's decision was not an abuse of discretion.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens