*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
May 19, 2022

v

STEPHEN MATTHEW BUTKA,

        Defendant-Appellant.

No. 356977
Otsego Circuit Court
LC No. 05-003226-FH

Before: MURRAY, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Stephen Butka, appeals by leave granted[1] the trial court's order denying his application to set aside his conviction of third-degree child abuse, MCL 750.136b(5). Because the trial court did not abuse its discretion by denying his application, we affirm.

## I. BASIC FACTS

In 2005, Butka was charged with two counts of indecent exposure, MCL 750.335a, and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a). The basis for the charges were allegations from LM, one of Butka's stepdaughters—who was, at the time, 15 years of age—that Butka touched her breasts on numerous occasions, that he walked around the family home naked, and that he masturbated in front of her. SM, Butka's other stepdaughter, who was also a minor at the time, made similar allegations. Butka pleaded guilty to one count of third-degree child abuse, and he was sentenced to nine months' incarceration and two years of probation.

---

[1] This Court initially denied Butka's application for leave to appeal, *People v Butka*, unpublished order of the Court of Appeals, entered July 20, 2021 (Docket No. 356977). Butka filed an application for leave to appeal with the Michigan Supreme Court, which, in lieu of granting leave to appeal, remanded to this Court "for consideration as on leave granted." *People v Butka*, 965 NW2d 536 (2021).

He was also required to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* In 2008, Butka completed the terms of his probation and was successfully discharged.

On December 11, 2012, Butka filed his first application to set aside his conviction of third-degree child abuse. See MCL 780.621. It was denied.

Butka filed his second application to set aside the conviction on May 6, 2019. Simultaneously, he filed a petition to discontinue registration under SORA. See MCL 28.728c(11). Butka's stepdaughters opposed his requests for relief. SM stated that Butka's actions had "ruined" her life. She recalled that he had exposed his genitalia to her, masturbated in front of her and her sister, checked their "private areas" for lice, forced them to watch pornography while he masturbated, and had watched them shower. She explained that his actions had emotionally and mentally traumatized her and that she had been diagnosed with post-traumatic stress disorder (PTSD). She stated that her ability to have a relationship with her sister was ruined, that the abuse continued to affect her ability to have a "normal intimate relationship" with her husband, and that she had lost her "so-called mother," who had known of the abuse and done nothing to prevent it. The girls' father also opposed Butka's application to set aside his conviction because it would be unfair to give Butka relief given that what Butka had done to the girls "will be with them forever." The prosecution argued that, although Butka was statutorily eligible to have his conviction expunged under MCL 780.621(1), it was not consistent with the public welfare to "erase" Butka's conviction when his "victims were still emotionally impacted at the time of the hearing." Following a hearing, the trial court granted Butka's petition to discontinue his registration under SORA, but denied his application to set aside his conviction under MCL 780.621(14).

On February 9, 2021, Butka filed his third application to set aside his conviction. A hearing was held on the application. Butka's stepdaughters continued to oppose his attempt to expunge his conviction. In a statement provided to the court, LM stated that Butka's actions had affected every relationship that she has had. She reasoned that if she had "to live with the consequences of what happened" then Butka should have to live with those consequences as well. SM likewise noted that she could not "expunge" the abuse from her "personal life." She reiterated that she had PTSD as a result of Butka's actions and explained that his actions continued to negatively affect her life on a daily basis. She did not believe it would be fair to her, her sister, and their families if Butka's conviction was expunged. Butka, on the other hand, testified that although he had "empathy" for his stepdaughters, he did not agree that they could not have the consequences of being sexually abused "removed from their life experiences" and he did not agree that they would "have to live with it for the rest of their" lives. Instead, he testified that it was "their prerogative . . . to move on or not to move on." The prosecution again conceded that Butka was eligible to have his conviction set aside under MCL 780.621(1), but argued that doing so was not consistent with the public welfare under MCL 780.621(14) because Butka's stepdaughters had to live with the consequences of Butka's actions, expunging the conviction would erase the original charges, and Butka still did not understand the consequences of his actions.

The trial court denied the application. The court explained that it reviewed the background of this case, including Butka's initial charges, his plea, his polygraph exams, his psychological exams, his sexual-offender assessments, the court's previous decision from 2019, and the letters of support that it received in favor of Butka. In addition, the court acknowledged that the nature

of the offense itself was "not a basis to deny expungement." Thereafter, the court determined that Butka's postconviction circumstances and behavior favored setting aside his conviction and that Butka had done "nothing to convince the Court that [he] would be another risk" to the public. However, the trial court found that it was not consistent with public welfare to expunge Butka's conviction. The court reasoned:

> And though I do maintain a strong belief that expunging is a [sic] expunction of criminal convictions is positive and one that I will generally grant, in this particular case I don't find that it's in the public welfare to grant you the privilege. I instead agree with [LM] and I agree with [SM] that when they are still so deeply affected by your actions, even though it's been 15 years, it would not be fair to them as victims of this crime which they clearly are and I've already found in our last hearing to grant you the benefit of essentially being able to wipe the slate clean without being able to do the same thing for them.

The court explained that "the public welfare includes [SM] and [LM]," and did "not only include the local Otsego County area . . . ." And, as a result, the court exercised its discretion and denied the application to have the conviction set aside.

This appeal follows.

## II. EXPUNGEMENT

## A. STANDARD OF REVIEW

Butka argues that the trial court abused its discretion when it denied his application to set aside his conviction of third-degree child abuse. The trial court has discretion to grant or deny an application to set aside a conviction. *People v Van Heck*, 252 Mich App 207, 210 n 3; 651 NW2d 174 (2002).[2] A trial court abuses its discretion when it "chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "The abuse of discretion standard recognizes that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Carnicom*, 272 Mich App 614, 616; 727 NW2d 399 (2006) (quotation marks and citation omitted). Questions of statutory interpretation are reviewed de novo. *Van Heck*, 252 Mich App at 211.

## B. ANALYSIS

Applications to set aside convictions are governed by MCL 780.621. The version in effect at the time that Butka filed his third application provided:

---

[2] See MCL 780.621(14), as amended by 2016 PA 336.

(1) Except as provided in this section, a person who is convicted of not more than 1 offense may file an application with the convicting court for the entry of an order setting aside 1 or more convictions as follows:

(a) A person who is convicted of not more than 1 felony offense and not more than 2 misdemeanor offenses may petition the convicting court to set aside the felony offense.  [MCL 780.621(1)(a), as amended by 2016 PA 336.]

The offense of third-degree child abuse is a felony, MCL 750.136b(6), and there is no record evidence that Butka has been convicted of any other felony or misdemeanor offenses. Consequently, he was eligible to file an application to set aside his felony conviction under former MCL 780.621(1)(a), as amended by 2016 PA 336.

In evaluating an application to set aside a conviction under MCL 780.621(1)(a), the trial court must balance the circumstances and behavior of the applicant against the public welfare. MCL 780.621(14), as amended by 2016 PA 336.  See also *People v Boulding*, 160 Mich App 156, 158; 407 NW2d 613 (1986).  Former MCL 780.621(14) provided:

(14) If the court determines that the circumstances and behavior of an applicant under subsection (1) or (4), from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare, the court may enter an order setting aside the conviction or convictions.  [See 2016 PA 336.]

"The nature of the offense itself does not preclude the setting aside of an offender's conviction. That reason, *standing alone*, is insufficient to warrant denial of an application to set aside a conviction."  *People v Rosen*, 201 Mich App 621, 623; 506 NW2d 609 (1993) (quotation marks and citation omitted; emphasis added).

In *Rosen*, the trial court denied the defendant's application to set aside her conviction, noting:

I will deny the motion, particularly in substance abuse cases or cases involving illegal substances or the trafficking [sic] of substances.  I generally feel that that matter should remain on the record and that the employers should know about it.  And with some exceptions—there may be some exceptions.  I don't always do the same thing.

This was a fairly large case, quite a lot of cocaine involved.  It was really a delivery but she was allowed to plead guilty to possession after the Court of Appeals reversed the conviction of delivery of cocaine.

As I say, there was a large amount involved and I don't believe that employers and others should be ignorant of the fact that this person they are hiring has been deeply involved in illegal substances, particulary [sic] with cocaine.

Marijuana looks different. But cocaine, that's the way I feel about it. And I will deny the motion. [*Id*. at 622.]

Based on the court's statements, the *Rosen* Court held that "[t]he record is clear that the trial court denied the motion solely because of the nature of defendant's offense itself." *Id*. at 623.

This case, however, differs in that the trial court made no comments indicating that the reason for the denial was because of the nature of the offense. Rather, the court considered the circumstances of *Butka's* conviction for third-degree child abuse, i.e., the impact that *Butka's* actions had on his victims. Nothing in the court's ruling suggested that the same outcome would occur for *every* third-degree child abuse conviction. Indeed, not all victims will remain negatively affected and continue to oppose an application to have a conviction set aside. In this case, however, both of Butka's stepdaughters issued statements explaining that, even 15 years after Butka abused them, they remained negatively impacted. They both expressed that it would be unfair to them if they had to continue to live with the consequences of Butka's actions while he was able to have the conviction completely erased from his record. Thus, it was because of the circumstances of this case—i.e., how deeply and negatively affected *Butka's* victims were—that the court exercised its discretion to deny Butka's application.

On appeal, Butka argues that the trial court erred by relying on the statements made by SM and LM because consideration of the "public welfare" should be limited to a consideration of the public at large, not individuals. The phrase "public welfare" is not defined by the statute. *Black's Law Dictionary* (8th deluxe ed), p 1625, however, defines it as "[a] society's well-being in matters of health, safety, order, morality, economics, and politics." Nothing in the definition excludes any member of the public. Therefore, the public welfare includes every member of the public, without exclusion. Contrary to Butka's argument on appeal, consideration of the public welfare does not require that the court ignore statements by individuals. Instead, the court could—and did—consider the statements by the individuals who wrote positive letters in support of Butka. It was also free to—and did—consider the statements prepared by the victims of Butka's actions. Doing so was not improper.

Butka next directs this Court to MCL 28.728c(11)(g), which provides that when considering a petition to discontinue registration under SORA the trial court must consider impact statements submitted by victims. He notes that there is no requirement in MCL 780.621 that the court consider a victim's impact statement. Yet, there is also no statutory language *precluding* a court from considering a victim impact statement when balancing the circumstances and behavior of the applicant against the public welfare. It is, therefore, of no consequence that the court is not expressly required to consider victim impact statements. Instead, statements by a victim are a factor that the court may consider when weighing whether setting aside an applicant's conviction is consistent with the public welfare.

Finally, Butka suggests that the trial court's denial of his motion to set aside his conviction was improper because, although his stepdaughters made "identical" impact statements, the trial court found that he was not a threat to the public and discontinued his registration under SORA. In order to discontinue registration under SORA, however, the court had to find that Butka was not a "continuing threat to the public." See MCL 28.728c(11). In contrast, under MCL 780.621(14), the relevant consideration is whether expungement of Butka's conviction is

consistent with "public welfare." Only one aspect of the public welfare relates to the safety of the public. Consequently, the court's findings under MCL 28.728c do not preclude the court from reaching a different result under MCL 780.621(14).

On this record, we conclude that the trial court did not abuse its discretion by denying Butka's motion to set aside his conviction. The court was permitted to consider the statements by LM and SM. Moreover, in the exercise of its discretion, the court was free to determine that setting aside Butka's conviction was not consistent with the public welfare given the ongoing negative impact of Butka's actions on his victims.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Michael J. Kelly