*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 10, 2025
10:18 AM

Plaintiff-Appellee,

v

No. 368254
Barry Circuit Court
LC No. 2023-000463-FH

MARIO JAVIER VELASQUEZ,

Defendant-Appellant.

AFTER REMAND

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant, Mario Javier Velasquez, pleaded guilty to operating while intoxicated, third offense (OWI 3rd), MCL 257.625(9)(c). The trial court sentenced defendant above the recommended guidelines range to serve 36 to 60 months' imprisonment. Defendant appealed to this Court, and a panel of this Court vacated defendant's sentence and remanded for the trial court to articulate a basis for the upward departure or to resentence defendant. On remand, the trial court sentenced defendant above the recommended guidelines range to 396 days' imprisonment with credit for 396 days of time served. The trial court also sentenced defendant to a two-year term of home detention. We vacate defendant's sentence and remand to a different judge for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In defendant's previous appeal, we summarized the basic facts of this case as follows:

This case arises out of an incident in which defendant operated a motor vehicle and parked it on the side of a public road. Barry County Sheriff Deputies found defendant unresponsive in the motor vehicle with the engine running. Defendant was arrested, and his blood alcohol level was .24 grams per 100 milliliters of blood. Because defendant had two prior OWI misdemeanor convictions, defendant was charged with OWI 3rd, which is a felony. MCL 257.625(9)(c). He pleaded guilty pursuant to a plea agreement. [*People v*

-1-

*Velasquez*, unpublished per curiam opinion of the Court of Appeals, issued September 19, 2024 (Docket No. 368254), p 1.]

Defendant's recommended minimum sentence range was zero to six months' incarceration. At the original sentencing in September 2023, the trial court departed upward and sentenced defendant to 36 to 60 months' imprisonment. Before articulating its reasoning for the upward departure, the trial court compared defendant and his conviction with another defendant who was convicted of resisting and obstructing, MCL 750.81d, and had a prior retail fraud conviction, but had a higher recommended minimum sentence range than defendant. The trial court expressed its opinion that such an outcome showed that the sentencing guidelines were flawed. We concluded that, to the extent the trial court relied on a policy disagreement with the severity of punishment recommended by the sentencing guidelines for OWI 3rd, this was not a sufficient basis for an upward departure. The trial court also provided several other reasons to depart from the sentencing guidelines that we ultimately concluded either did not support an upward departure or the extent of the particular upward departure in this case. Accordingly, we remanded for the trial court to fully articulate its rationale for the upward departure and its reasons why a particular sentence is proportional, or, alternatively, to exercise its discretion to resentence defendant.

On remand, defendant's recommended minimum sentence range remained zero to six months. The trial court sentenced defendant to another upward-departure sentence of 396 days' imprisonment and a two-year term of home detention. The trial court provided the following explanation for the upward-departure sentence:

> I will state for the record, that I'm amazed that the sentencing guidelines are zero to six. For someone with three drunk driving's [sic]. That's the typical guidelines for somebody with a first possession of methamphetamine charge. Every time he drinks and drives, he has the ability, not when you possess methamphetamine. But, he had the ability by driving a three[-]thousand, four[-]thousand[-]pound vehicle on the roadways. To kill people. The guidelines are clearly man-made, and clearly flawed in this instance. I think I have the ability to go above the guidelines in this case. I think under *Lockwood*,[1] I have the ability to under the guidelines for any reason whatsoever. And, the Court of Appeals does not have to like my reasons, or agree with my reasons, as long as I give a reason. That has changed over the last five years, and I think we're heading towards a situation where we're going to go back towards an unconstitutional required guideline range.

This appeal followed.

---

[1] This is an apparent invocation of *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), in which our Supreme Court held that the Michigan's sentencing guidelines are advisory, not mandatory.

## II. ANALYSIS

After remand, we examine whether defendant's new out-of-guidelines sentence imposed by the trial court was unreasonable and disproportionate. We conclude that it is. The trial court abused its discretion by solely justifying its sentencing decision on its disagreement over the severity of punishment for OWI 3rd recommended by the sentencing guidelines.

Sentences that depart from the sentencing guidelines are reviewed for reasonableness. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Id*. at 471. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460 (quotation marks omitted).

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are advisory, not mandatory. 498 Mich at 399. Although no longer mandatory, the sentencing guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. "Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017). To determine if an upward departure is more proportionate than a sentence within the sentencing guidelines, a trial court may consider factors including, but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (quotation marks and citation omitted).]

When a trial court imposes an out-of-guidelines sentence, it "must justify the sentence imposed in order to facilitate appellate review." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted). "This includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

At the original sentencing, the trial court expressed its disagreement with the severity of punishment recommended by the sentencing guidelines for OWI 3rd before sentencing defendant. It was not apparent whether the trial court relied on this policy disagreement with the sentencing guidelines when sentencing defendant. We concluded that, to the extent the trial court did rely on its policy disagreement with the sentencing guidelines, such reasoning was insufficient to support an upward departure from the sentencing guidelines. The trial court provided several other reasons for its upward departure that we concluded either did not support an upward departure or the extent of the particular upward departure in this case.

On remand, the trial court did not expand on its reasoning in support of the sentence imposed. Instead, the trial court expressly and exclusively justified its sentencing decision on its previously-stated disagreement over the severity of punishment for OWI 3rd advised by the sentencing guidelines. Accordingly, the trial court sentenced defendant to an upward-departure sentence on the basis of the trial court's belief that the sentencing guidelines generally do not punish those convicted of OWI 3rd severely enough. This is not a proper basis for an upward departure. This reasoning does not consider anything particular about defendant or his offense as required under the principle of proportionality. See *Steanhouse*, 500 Mich at 459-460.

We are aware of no authority prohibiting a trial court from expressing disagreement with the sentencing guidelines imposed by the Legislature. Rather, the ability to express disagreement is apparent from the advisory nature of the sentencing guidelines. *Lockridge*, 498 Mich at 399. For example, a trial court necessarily expresses some degree of disagreement with the sentencing guidelines when it justifies an upward departure on the basis that a factor was inadequately considered or not considered at all by the sentencing guidelines. See *Walden*, 319 Mich App at 352-353. The distinction between these proper considerations and the trial court's general disagreement with the Legislature over the punishment of all OWI 3rd convictions is that these considerations are rooted in the inquiry into the seriousness of the circumstances surrounding the offense and the offender. *Steanhouse*, 500 Mich at 459-460. By solely justifying its sentencing decision on its disagreement over the severity of punishment for all OWI 3rd offenses, the trial court has failed to take into considerations the circumstances surrounding defendant and his offense. See *id*.

The trial court failed on remand, despite specific instructions from a panel of this Court, to explain how the departure sentence was proportional, by articulating how the circumstances of this offense and offender would result in a sentence of 396 days' imprisonment and a two-year term of home detention. Accordingly, the trial court abused its discretion. See *id*. at 471. Resentencing is warranted again.

When remanding for resentencing, this Court has the authority to sua sponte order that a different judge should carry out the resentencing on remand.[2] See *People v Rosen*, 201 Mich App 621, 623-624; 506 NW2d 609 (1993). We consider three factors to determine whether to reassign a case to a new judge on remand:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Walker*,

---

[2] This authority does not derive from the court rules governing recusal and disqualification. See MCR 2.003. Rather, this authority is derived from this Court's power, "at any time, in addition to its general powers, in its discretion, and on the terms it deems just," to "enter any judgment or order or grant further or different relief as the case may require." MCR 7.216(A)(7).

504 Mich 267, 285-286; 934 NW2d 727 (2019) (quotation marks and citation omitted).]

Applying these factors, we conclude that remand to a different judge is necessary for resentencing. The trial court has twice now sentenced defendant. In both sentencing hearings, the trial court expressed its disagreement with the sentencing guidelines. In the first sentencing hearing, it was not apparent whether the trial court relied on its policy disagreement with the Legislature to sentence defendant. However, at the second sentencing hearing, the trial court plainly and exclusively relied on that policy disagreement with the Legislature in contravention of the principle of proportionality and specific instruction from this Court. It is, therefore, unreasonable to expect the original judge to be able to put previously-expressed subjective views out of mind without substantial difficulty were we to remand this case to that judge for a third time. Reassignment of this matter to a different judge solely for the purpose of resentencing in this case involving a plea for OWI 3rd will not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id*. Therefore, we remand for resentencing before a different judge.

Vacated and remanded to a different judge for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Colleen A. O'Brien
/s/ James Robert Redford