*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH JAMES SOLES,

Defendant-Appellant.

UNPUBLISHED
April 11, 2025
10:36 AM

No. 368986
Isabella Circuit Court
LC No. 23-018725-AR

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

On August 24, 2000, defendant entered a guilty plea in the 76th District Court to accosting a child for an immoral purpose, MCL 750.145a. On June 3, 2023, an Isabella County Circuit Court judge entered an order in the 76th District Court denying defendant's application to set aside the conviction under MCL 780.621d.[1] Defendant appealed to the circuit court, which entered an order denying relief.[2] Defendant appeals by leave granted.[3] We vacate the district court's order denying

---

[1] Pursuant to MCL 600.401, and Michigan Supreme Court Administrative Order 2003-1, the Isabella County Trial Court operates under a concurrent jurisdiction plan where the judges have cross assignments of cases in the respective courts, as necessary to implement the plan, subject to certain statutory exceptions (a plan of concurrent jurisdiction, approved by the Supreme Court, can allow, *inter alia*, the circuit court and one or more circuit court judges to exercise the power of the district court, and the district court and one or more district court judges to exercise the jurisdiction of the circuit court).

[2] The circuit court denied relief solely on procedural grounds, stating that it "[could not] procedurally hear the case" and that defendant was entitled to "proceed on a timely application for leave to appeal [the district court order] from the date of the issuance of [the circuit court order]." Defendant does not challenge the circuit court's order.

[3] *People v Soles*, unpublished order of the Michigan Court of Appeals, entered February 13, 2024 (Docket No. 368986).

-1-

defendant's application to set aside his conviction, and we remand to the district court for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2000, at the age of 51, defendant entered a guilty plea to accosting a child for an immoral purpose, MCL 750.145a, in exchange for the dismissal of a charge of attempted third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration of victim at least 13 years old, but less than 16 years old). Defendant was sentenced to serve 90 days in jail and two years' probation, and he was required to comply with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant successfully completed the terms of his probation and was discharged.

In 2023, defendant filed an application to have his conviction set aside in the district court, i.e., he sought expungement of his conviction. At a hearing on the application, the only evidence introduced by defendant was the register of actions from his case, his own testimony, and a letter from a doctor that was more than 20 years old. Defendant testified that he was successfully discharged from probation early and had paid all of the fines and penalties. Defendant also indicated that he had attended 58 counseling sessions over an 18-month period, which helped him communicate better, recognize triggers of emotional upset, gain confidence, and become a good citizen. Defendant stated that he had been employing these tools for the past 20 years and that he had a great family support system. Defendant told the court that, in the years since his conviction, he had married, had children and grandchildren, and worked as a pharmacist. He stated that he recently retired, but was still working part-time as a pharmacist. Defendant explained that he wanted to have his conviction set aside to make it easier to travel and to prevent embarrassment for his children or grandchildren. Defendant, who was by then in his 70's, indicated that he was no longer the person he was in 2000, at the time of his offense. Defense counsel noted that defendant had brought to court a 2002 letter from his counselor to his probation officer stating that defendant's prognosis was good, that he was not a threat to anyone, that there was a very low risk that he would reoffend, and that he was a responsible member of the community. No other witnesses testified at the hearing.

Before rendering its ruling, the court reviewed a police report concerning the offense, stating that the facts and circumstances surrounding the conviction were relevant, but not dispositive, and that it would help the court understand the effort defendant had "made to overcome the circumstances that put him in the position where he had court involvement." Subsequently, the court denied defendant's application to set aside his conviction, stating:

> An opportunity was given to the Attorney General and prosecuting official to contest the application. The Attorney General indicates that the defendant may be eligible. The prosecutor is essentially taking a neutral stance on this one. He's not . . . objecting, he's not . . . consenting. He's essentially taking a neutral task [sic], and we don't have a victim present to address the Court, which would have been very helpful in this case, I think.
>
> This is a difficult circumstance. You know, . . . the Court takes into account the circumstances of the offense. As I mentioned, they're relevant because it's relevant to know, you know, what he's done since, whether he's, you know,

successfully addressed the issue that brought him in front of this Court. And you know, to his credit, it appears that since this conviction he's been conviction-free. He -- he did 58 sessions over 18 months of counseling to deal with some issues that led to the offense. It doesn't sound like it was sex offender specific, but it sounds as though it touched on sex offense. His prognosis was generally good at the end.

He's been employed full-time. He's now retired and works part-time as a pharmacist. He's been married -- looks like maybe remarried -- since 2003. He's got six children, eight grandchildren. He's still on the sex offender registry for a few more years, and I don't see any evidence that he hasn't been compliant with the registry. So, these are all certainly good things.

But at the end of -- at the end of this hearing, this Court is not -- is not convinced that the circumstances and behavior of the applicant from the date of his conviction to the filing of the application do warrant setting aside the conviction and it's consistent with the public welfare. The circumstances of the offense are pretty troubling and, you know, to his credit he has not been convicted of any additional offenses, but the Court's finding that the circumstances and the behavior of the applicant, you know, while he seems to have done many good things, the Court just isn't convinced that it's in the public -- that it's consistent with public welfare to set aside this conviction.

Finally, the court said it would allow defendant to file another application to set aside the conviction, three years after the date of its order, at which time defendant would no longer be required to comply with the SORA.

## II. ANALYSIS

A trial court's decision on a motion to aside a conviction is reviewed for an abuse of discretion. *People v Van Heck*, 252 Mich App 27, 210 n 3; 651 NW2d 174 (2002). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014).

Defendant filed his motion to set aside his conviction under MCL 780.621d, which in part provides:

(11) For an application under section 1(1), upon the hearing of the application the court may require the filing of affidavits and the taking of proofs as it considers proper.

\* \* \*

-3-

(13) If the court determines that the circumstances and behavior of an applicant under [MCL 780.621(1) or (3)[4]] from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare, the court may enter an order setting aside the conviction or convictions.

(14) The setting aside of a conviction or convictions under this act is a privilege and conditional and is not a right.

In a decision issued after the trial court's ruling in this case, our Supreme Court clarified that:

the statute plainly states that the circumstances and behavior of the applicant must justify setting aside the conviction *and* that setting aside the conviction must be consistent with the public welfare. This language indicates a two-element standard in which each element *must* be met. Each element is separate and distinct, and a trial court's discretionary analysis must account for each element. [*People v Butka*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164598); slip op at 8.]

In *Butka*, the Supreme Court reversed the trial court's order denying the defendant's application to set aside a conviction for third-degree child abuse, and remanded for entry of an order setting aside the conviction. *Id*., ___ Mich ___; slip op at 2. The defendant had no prior convictions and provided substantial evidence supporting the relief requested, pursuant to MCL 780.621d(14), including three psychological assessments (one from 2004, another from 2012, and the most recent from 2018), each performed by a different medical professional, and each indicating that defendant posed a low risk of recidivism. *Id*., ___ Mich at ___; slip op at 3.

"[T]o set aside a conviction, courts must look beyond the crime itself to circumstances that occur after a defendant's conviction, both in terms of the defendant's individual circumstances and the forward-looking impact of setting aside a conviction on the public as a whole." *Id*., ___ Mich at ___; slip op at 11. "The nature of the offense itself does not preclude the setting aside of an offender's conviction. That reason, standing alone, is insufficient to warrant denial of an application to set aside a conviction." *People v Rosen*, 201 Mich App 621, 623; 506 NW2d 609 (1993). A trial court abuses its discretion when it denies an application to set aside a conviction if there is "no record evidence support[ing] a finding that either the 'circumstances and behavior' of defendant or the 'public welfare' weighed in favor of denying defendant's application." *Butka*, ___ Mich at ___; slip op at 15.

Defendant argues that the trial court erred because the sole reason for the trial court's decision to deny the application to set aside the conviction was the nature of the offense (i.e., accosting a child for an immoral purpose) which, standing alone, is insufficient for the court to deny the application pursuant to *Rosen*, 201 Mich App at 623. Defendant also argues that the court

---

[4] MCL 780.621 governs the circumstances under which a person may apply for an order setting aside one or more felony or misdemeanor convictions.

did not adequately explain its decision in this matter. We agree. On the record before us, it appears that the trial court based its decision solely on the nature of the offense, which was improper, pursuant to *Rosen*. *Id*. Further, the trial court did not render adequate findings to account for both of the statutory elements. See *Butka*, ___ Mich at ___; slip op at 8.

Regarding defendant's circumstances and behavior, the trial court noted that defendant had not been convicted of any offenses since the conviction at issue; that he had participated in counseling; that his prognosis was good; that he had been employed full-time and remained employed part-time as a pharmacist; that he had been married since 2003 and had children and grandchildren; that there was no evidence that he had not complied with SORA; and that he "seemed to have done many good things." The trial court did not articulate a determination on whether these circumstances and behavior weighed against setting aside defendant's conviction. With respect to the public welfare, the court noted only that it had not received input from the victim of the offense and that the nature of the offense was "pretty troubling." The trial court did not address how setting aside defendant's conviction would be contrary to the "prosperity, well-being, or convenience of the public at large," by impacting, for example, the societal interests of safety, order, and morals. *Butka*, ___ Mich at ___; slip op at 9 (quotation marks and citation omitted). Again, the court instead appears to have relied solely on the nature of the offense in denying defendant's application.

Upon remand, the petition should be considered under the proper legal framework, consistent with MCL 780.621d, and the holdings set forth in *Rosen*, and *Butka*. Again, petitioner's hearing in the present case occurred before the Supreme Court's decision in *Butka*, in which the plaintiff provided three psychological assessments supporting the unlikelihood of recidivism (i.e., supporting the argument that setting aside his conviction was consistent with public welfare) authored by different medical professionals over a period of approximately 14 years. It is troubling that petitioner in the present case did not submit anything for the court's consideration, other than a letter referencing the initial round of counseling more than 20 years ago—counseling that did not appear to address sexually deviant and assaultive behaviors—and his own testimony. However, in light of *Butka*, with regard to remand proceedings, the trial court shall conduct a new evidentiary hearing and petitioner shall be permitted to supplement the record with additional information, e.g., affidavits, professional assessments, witness testimony, etc.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Randy J. Wallace
/s/ Matthew S. Ackerman