*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIMOTHY RICHARD WOODCOX,

Defendant-Appellant.

UNPUBLISHED
December 09, 2025
10:53 AM

No. 371643
Kent Circuit Court
LC No. 02-002488-FH

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

In March 2002, defendant, Timothy Woodcox, was convicted by guilty plea of two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a), and sentenced, in part, to 36 months' probation and registration as a sex offender under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* Woodcox was discharged from his probation in 2005. In 2024, he applied to set aside his CSC-IV convictions. The trial court denied the application. Woodcox now appeals by leave granted.[1] Woodcox argues—and the prosecutor concedes—that the trial court abused its discretion when it denied his set-aside application by failing to conduct the proper analysis outlined in *People v Butka*, 514 Mich 366; 22 NW3d 429 (2024). For the reasons stated in this opinion, we vacate the order denying Woodcox's application to set aside his convictions and remand to the trial court for analysis under the legal framework stated in *Butka*.

## I. BASIC FACTS

In March 2002, Woodcox was charged with sexually assaulting two 15-year-old-girls, one by penetrating her vagina with his fingers and the other by penetrating her vagina with his penis. He pleaded guilty to two counts of CSC-IV and admitted to "fondling" the two girls. At the time, Woodcox was 22 years of age.

---

[1] *People v Woodcox*, unpublished order of the Court of Appeals, entered February 14, 2025 (Docket No. 371643).

Twenty-two years later, Woodcox applied to set aside his convictions. At the hearing on his application, the trial court reviewed the file, as well as the letters in support of Woodcox, and conceded: "I—I have no doubt that you turned your life around and you're doing well. But what concerns me is the seriousness of these charges and—and the nature of these charges." The court reviewed several letters discussing the counseling that the victims had received and opined that the victims were still affected by the trauma of the criminal sexual conduct. The court otherwise found that Woodcox had met the requirements for setting aside his conviction but ultimately exercised its discretion to deny the application. Woodcox now appeals by leave granted.

## II. MOTION TO SET ASIDE A CONVICTION

### A. STANDARD OF REVIEW

Woodcox argues that the trial court abused its discretion by denying his application to set aside his convictions. We review a trial court's decision to grant or deny an application to set aside a conviction for an abuse of discretion. *Butka*, 514 Mich at 376. A trial court abuses its discretion if it makes an error of law or if it chooses an outcome that is not reasonable and principled. *Id*.

### B. ANALYSIS

Assuming all other statutory requirements are met, a trial court may enter an order setting aside an applicant's convictions

> [i]f the court determines that the circumstances and behavior of an applicant under [MCL 780.621(1) or MCL 780.621(3)], from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare . . . . [MCL 780.621d(13).]

In *Butka*, 514 Mich at 378, our Supreme Court held that the language of MCL 780.621d(13)[2] creates a two-element standard—not a balancing test. The *Butka* Court reasoned:

> [T]he statute plainly states that the circumstances and behavior of the applicant must justify setting aside the conviction *and* that setting aside the conviction must be consistent with the public welfare. This language indicates a two-element standard in which each element *must* be met. Each element is separate and distinct, and a trial court's discretionary analysis must account for each element. [*Id*.]

Under both elements, a trial court "must look beyond the crime itself to circumstances that occur after a defendant's conviction . . . ." *Id*. at 380. The nature of the offense alone is "insufficient to

---

[2] The *Butka* Court construed MCL 780.621(14), which was amended without change to the relevant statutory language by 2021 PA 82 and is now found at MCL 780.621d(13). *Butka*, 514 Mich at 370 n 1.

warrant denial of an application to set aside a conviction." *People v Rosen*, 201 Mich App 621, 623; 506 NW2d 609 (1993).

Under the second element, the term "public welfare" refers to "[t]he prosperity, well-being, or convenience of the public at large, or of a whole community, as distinguished from the advantage of an individual or limited class." *Butka*, 514 Mich at 379 (quotation marks and citation omitted). To deny the defendant's application, the court must "explain why granting [the] defendant's application to set aside his conviction would not be consistent with the broader *public's* welfare." *Id*.

As a threshold issue, *Butka* applies in full to the trial court's consideration of Woodcox's application. Except in limited circumstances not present in the instant case, a Michigan Supreme Court decision applies retroactively to: "(1) the case before the court, (2) all cases that could have and did raise the issue that are pending at the time of the decision, and (3) all cases timely filed after the decision." *Schafer v Kent Co*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164975); slip op at 17, 18. Because Woodcox's application for leave to appeal was pending at the time of the *Butka* decision and because Woodcox timely filed his brief on appeal after leave was granted, *Butka* applies retroactively to defendant's case. See *id*. at ___; slip op at 17.

Turning to the facts, the court found Woodcox otherwise eligible for expungement before exercising its discretion under MCL 780.621d(13) to deny his application. In so ruling, the trial court did not properly apply and account for each element of the two-part standard. See *Butka*, 514 Mich at 378. We address each part of the standard in turn.

First, the trial court's analysis did not properly account for whether Woodcox's postconviction "circumstances and behavior," MCL 780.621d(13), warranted setting aside his convictions. See *Butka*, 514 Mich at 378. Though the trial court conceded, "I—I have no doubt that you turned your life around and you're doing well," the trial court did not further address the circumstances arising after Woodcox's conviction. Instead, the court focused on the "nature of these charges." To the extent that the court's statement that it had "no doubt" that Woodcox was "doing well" was a comment on Woodcox's postconviction "circumstances and behavior," MCL 780.621d(13), the court ignored that finding and instead based its conclusion upon the seriousness of the crime. See *Butka*, 514 Mich at 380. The trial court's reliance on the nature of the offense alone is not enough to warrant denial. See *Rosen*, 201 Mich App at 623.

Second, the trial court's analysis did not properly account for whether setting aside Woodcox's convictions would be "consistent with the public welfare . . . ." MCL 780.621d(13). Though it was proper for the trial court to consider the victims' statements, consideration of the victims alone does not represent the "public welfare." See *Butka*, 514 Mich at 380. Rather, before denying Woodcox's application, the trial court was required to "explain why granting Woodcox's application to set aside his conviction "would not be consistent with the broader *public's* welfare." *Id*. The court, however, made no such finding.

Because the court's decision denying Woodcox's application was based upon errors of law, the court necessarily abused its discretion when reaching the decision. See *id*. at 378. As a result, we must vacate the order denying Woodcox's application to set aside his convictions and remand to the trial court for analysis under the legal framework in *Butka*. If upon remand the trial court

-3-

grants Woodcox's set-aside application, then the trial court should also address whether it should order the removal of Woodcox from the SORA registry.

      Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

                                /s/ Michael J. Kelly
                                /s/ James Robert Redford
                                /s/ Kathleen A. Feeney